James M. Hanavan, State Bar No. 66097
Kristen E. Drake, State Bar No. 202827
CRAIGIE, McCARTHY & CLOW
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 732-7788
Facsimile: (415) 732-7783

Attorneys for Plaintiff Trevor Moss

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TREVOR MOSS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TIBERON MINERALS LTD.,<br><br>　　　　Defendant. | Case No.: C 07-2732<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Case Management Conference:<br><br>Date:　　　September 7, 2007<br>Time:　　　10:00 a.m.<br>Location:　Courtroom 1, 17th Floor<br>Judge:　　Samuel Conti |

Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-9 and 16-10, the parties jointly submit this Case Management Statement and Proposed Order.

**A.    JURISDICTION AND SERVICE**

Plaintiff Trevor Moss is a citizen of the United States and a resident of the County of Sonoma, State of California. Defendant Tiberon Minerals Ltd. is a Canadian corporation, conducting business internationally. The matter in controversy in this action exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Therefore, this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

Plaintiff is aware of no issues regarding personal jurisdiction or venue and defendant has been served. Defendant may challenge jurisdiction on *forum non conviens* grounds.

## B. BRIEF DESCRIPTION OF FACTS

**Plaintiff:**

Plaintiff Trevor Moss is a civil engineer who provides consulting engineering services from his place of business in Sonoma County, California. He is an experienced executive with over twenty-five years in the mining industry, having worked extensively in development roles for some of the world's largest and successful mining operations and specialist consultants in Latin America, Europe, Asia Pacific and North America. Defendant Tiberon is an exploration and development company with a 70% controlling interest in the Nui Phao tungsten/fluorspar project in Vietnam.

Mr. Moss was solicited by Tiberon to provide consulting engineering services in the spring and summer of 2005. In August of 2005, Tiberon appointed Mr. Moss to the position of vice president, operations, although he continued to reside and provide his consulting services from his California office. Mr. Moss was responsible for consulting services in the development of Tiberon's Nui Phao tungsten-fluorspar property in Vietnam which was scheduled to begin commercial production of these strategic commodities in the first quarter of 2008.

Mr. Moss's services included operations and project development, risk assessment/mitigation, enterprise financial modeling, debt/equity project financing, government relations and corporate social and environmental responsibility. A substantial portion of the services were provided at plaintiff's California office, as well as in Australia, Vietnam and elsewhere. Mr. Moss entered into a Consulting Agreement with Nui Phao Mining Joint Venture Company Ltd., and Tiberon executed a guarantee in favor of Mr. Moss, guaranteeing the payment obligations under the Consulting Agreement.

Effective August 31, 2006, in accordance with numbered Section 5(b)(i) of the Consulting Agreement, entitled "Termination Without Cause," the consulting relationship ended. Section 5(b)(i) of the Consulting Agreement provides, in pertinent part, that Mr. Moss shall be paid on the date that the Agreement is terminated "all his accrued but as yet unpaid consulting fees, reimbursable expenses, accrued but as yet unused vacation and his annual bonus for the year in which the termination occurs, to the extent earned based on performance for the year to date, in

an amount pro rated proportionate to that portion of the year completed as of the effective date of termination."

Although the consulting agreement between Nui Phao Mining Joint Venture Company Ltd. and Mr. Moss, guaranteed under a separate Guarantee of even date by Tiberon, and in particular Section 2(a), provides that Mr. Moss shall receive a bonus based upon his achievement of designated annual objectives, Tiberon failed and refused to make such bonus payment or any part thereof "on the date that the Agreement [was] terminated" as agreed. The bonus amount, pro rated to reflect the portion of the fiscal year during which he was employed, was to be paid to him pursuant to Section 5(b)(i) of the Consulting Agreement if, as was the case, his employment should be terminated without cause before completion of the year.

Mr. Moss has not received payment of the bonus he earned, although the amount is substantial. Tiberon has failed and refused, and continues to fail and refuse, to pay the amount due.

**Defendant:**

Simply stated, Mr. Moss did not do work in 2006 worthy of a bonus and a reasonable business decision to that effect was made by appropriate company process and policies. Statements made by plaintiff to the contrary are incorrect.

**C.  PRINCIPAL ISSUES**

1.  The principal factual issues that the parties dispute are:

**Plaintiff:**

a.  Whether Mr. Moss is entitled to the bonus amount he has earned, as well as interest, penalties and related legal fees.

**Defendant:**

a.  Whether Mr. Moss is entitled to a bonus, including the issues of whether or not his work justified one.

///

///

3

Joint Case Management Conference Statement and [Proposed] Order

2. The principal legal issues that the parties dispute are:

**Plaintiff:**

a. Whether Tiberon's failure to pay Mr. Moss his bonus violates the provisions of Cal. Labor Code sections 200 *et seq.* and the penalties resulting therefrom.

b. The interpretation of the terms of the consulting agreement and guarantee.

**Defendant:**

Defendant sees no California Labor Code sections 200 *et seq.* issues and sees significant issue as to the applicability of the California Labor Code for work performed in Canada and Southeast Asia, under a contract governed by Canadian law.

3. Any additional parties that a party intends to join are listed below:

**Plaintiff:**

None.

**Defendant:**

None.

4. Any additional claims that a party intends to add are listed below:

**Plaintiff:**

None.

**Defendant:**

None.

**D.  MOTIONS**

The following motions are anticipated:

| Moving Party | Nature of Motion | Hearing Date |
|---|---|---|
| Plaintiff | Possible motion for judgment | Not Yet Established |
| Defendant | Possible motion for dismissal on *forum non* conviens grounds. | Not yet established. |

**E.  EVIDENCE PRESERVATION**

**Plaintiff:**

Plaintiff is preserving evidence relevant to the issues in this action.

4

Joint Case Management Conference Statement and [Proposed] Order

**Defendant:**

Plaintiff is preserving evidence relevant to the issues in this action.

**F.    DISCLOSURES**

This case was initially assigned to The Honorable United States Magistrate Judge Elizabeth D. Laporte, who set a case schedule. However, as defendant filed a declination to proceed before a magistrate judge, this case was recently reassigned to The Honorable Samuel Conti and all matters before Magistrate Judge Elizabeth D. Laporte were vacated. Accordingly, the parties have not completed initial disclosures. The parties propose the following deadline:

Last day to complete initial disclosures or state objection in Rule 26(f) Report:

September 14, 2007

**G.    DISCOVERY**

1.  The parties have conducted or have underway the following discovery:

    None.

2.  The parties plan to conduct the following discovery:

    **Plaintiff:**

    Written discovery; Depositions of percipient witnesses.

    **Defendant:**

    Same as plaintiff.

3.  Deadlines for disclosure of witnesses and completion of discovery:

    a.  completion of all discovery except from experts (see Civ. L.R. 26-5):

        January 31, 2008

    b.  disclosure of identities of all witnesses to be called in each party's case-in-chief:

        January 31, 2008

    c.  disclosure of identities, resumes, final reports and all other matters required by Fed. R. Civ. P. 26(a)(2):

        February 28, 2008

    d.  completion of discovery from experts (see Civ. L. R. 26-5):

5

Joint Case Management Conference Statement and [Proposed] Order

March 31, 2008

**H.  RELATED CASES**

None.

**I.  RELIEF SOUGHT**

**Plaintiff:**

Plaintiff seeks his unpaid bonus and, pursuant to Cal. Labor Code section 203 and other provisions of California law, plaintiff requests that the Court award him penalties. Further, pursuant to Cal. Labor Code section 218.5 and other provisions of California law, plaintiff requests that this Court award him reasonable attorneys' fees and costs incurred by him in bringing this cause of action. Finally, pursuant to Cal. Labor Code section 218.6 and other provisions of California law, plaintiff requests that the Court award plaintiff interest on his due and unpaid bonus, at the legal rate specified by Cal. Civil Code section 3289(b), accruing from the date the bonus was due and payable.

**Defendant:**

Dismissal of the case and costs and attorneys fees pursuant to the terms of the contracts involved.

**J.  ALTERNATIVE DISPUTE RESOLUTION** (Choose one of the following three options.)

__X__ This case already has been assigned or the parties have agreed to use the following court sponsored or other ADR procedure (please list the provider if other than the court): Mediation through the court or private mediation service.

Date by which ADR session to be commenced: _____

Date by which ADR session to be completed: _____

_____ The parties have been unable to agree on an ADR procedure. The party[ies] listed below believes that the case is appropriate for the ADR procedure indicated:

_____ All parties share the view that no ADR procedure should be used in this case. The specific basis for that view is set forth below:

6

Joint Case Management Conference Statement and [Proposed] Order

The Court hereby orders:_____

_____

_____

**K.** **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Parties consent to jury or court trial presided over by a magistrate judge _____ yes

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 　X　 no

The Court hereby refers this case for the following purposes to a magistrate judge:

_____

_____

_____

**L.** **PRE-TRIAL AND TRIAL SCHEDULING**

Plaintiff has requested a jury trial. The expected length of the trial is two weeks.

Any dispositive motions must be heard by: _____

The pretrial conference is set for: _____

Trial is set for: _____

**M.** **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiff:**

Pursuant to Civ. L.R. 3-16, plaintiff has certified that other than the named parties, there is no interested entity or person to report.

**Defendant:**

Defendant is determining if any need to be reported.

**N.** **OTHER MATTERS**

**O.** **Date of next case management/status conference:** _____

**P.     IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

Identify by name, address and phone number lead trial counsel for each party

| | |
|---|---|
| ___/s/ James M. Hanavan___ | ___/s/ David J. Brown___ |
| James M. Hanavan | David J. Brown |
| CRAIGIE, MCCARTHY & CLOW | MBV LAW LLP |
| 540 Pacific Avenue | 855 Front Street |
| San Francisco, CA 94133 | San Francisco, CA 94111 |
| (415) 732-7788 | (415) 781-4400 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Trevor Moss | Tiberon Minerals Ltd. |

The court adopts this statement as modified and enters of this court pursuant to Civ. L.R. 16-8(b). The foregoing joint statement as amended is adopted by this court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

IT IS SO ORDERED.

Date: _____     _____
                                                                          Samuel Conti
                                                              United States District Judge

8

Joint Case Management Conference Statement and [Proposed] Order