DAVID J. BROWN (State Bar No. 56628)
BENJAMIN J. RILEY (State Bar No. 226904)
MBV LAW LLP
855 Front Street
San Francisco, California 94111
Telephone: 415-781-4400
Facsimile: 415-989-5143

Attorneys for Defendant
TIBERON MINERALS LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TREVOR MOSS,<br><br>        Plaintiff,<br><br>    v.<br><br>TIBERON MINERALS LTD.,<br><br>        Defendant. | CASE NO. C 07 2732 EDL<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FORUM NON-CONVIENS**<br><br>Date: October 26, 2007<br>Time: 10:00 a.m.<br>Dept.: Courtroom 1, 17th Floor<br>Judge: Hon. Samuel Conti |

# INTRODUCTION

In this dispute over what, if any, contractually specified bonus plaintiff Trevor Moss should receive from defendant Tiberon Metals Ltd. for his work before he was terminated for performance reasons, virtually all factors weigh in favor of dismissing this case on *forum non-conviens* principles:

- The contract governing the claimed bonus has a Canadian choice-of-law provision which provides that the contract be "enforced in accordance" with Canadian choice of law.
- Canadian contract law is a fully developed body of law which should be applied by a Canadian court with relative ease, rather than by this court with the inconvenience and cost of having expert testimony as to the intricacies of Canadian contract law.
- Moss's single California Labor Code claim derives from obligations under the contracts that are subject to Canadian law and, if applicable at all, do not present any particularly unique issues that could not be handled by a Canadian court.
- Defendant will not contest jurisdiction in Canada for the dispute.
- No witnesses are physically located in the Northern District of California except the plaintiff.
- All other relevant witnesses are located in Canada or elsewhere but not in California

In contrast, the *only* fact supporting venue here in the Northern District of California is that Moss lives in Sonoma County. That factor alone is simply not enough to tip the balance in Moss's favor, and therefore the court should grant Tiberon Metal's motion to dismiss.

\\
\\
\\

# ARGUMENT

**A. All of the factors relevant to determining a forum non-conviens motion -- whether a fair alternative forum exists, and the weighing of public and private interests -- support granting Tiberon Metal's motion.**

### 1. Both labor contracts that Moss is suing under contain a Canadian choice of law provision.

Plaintiff Moss is suing under two employment contracts he entered into with Tiberon Metals related to consulting work he provided on a Tiberon Metals mining project. Both contracts are attached to his complaint, and both contain an explicit Canadian choice-of-law provision:

- **The Employment Contract**
  The provisions of this Agreement shall be governed by, interpreted, and enforced in accordance with the laws in force in the Province of Ontario. [See Complaint at ¶ 11 and Exhibit A]

- **The Guarantee**
  This Guarantee shall be governed by and construed and interpreted in accordance with the laws if the Province of Ontario without regard to conflicts of law principles. [See Complaint, Exhibit B]

The reason these contracts specify Canadian law is that both parties intended Canadian law to govern any dispute arising under them -- as Moss himself states, the Employment Agreement was the result of "lengthy negotiations." [Complaint, ¶ 7] And such provisions are clearly enforceable under California law: "We conclude the choice-of-law clause, which requires that the contract be 'governed by' the law of Hong Kong, a jurisdiction having a substantial connection with the parties, is fully enforceable and applicable to claims for breach of the implied covenant of good faith and fair dealing and for breach of fiduciary duties allegedly arising out of the contract. Our conclusion rests on the choice-of-law rules derived from California decisions and the Restatement Second of Conflict of Laws, which reflect strong policy considerations favoring the enforcement of freely negotiated choice-of-law clauses." *Nedlloyd Lines B.V. v. Superior Court,* 3 Cal.4th 459 (1992).

Moreover, Canadian courts and law provide the logical forum for Moss. Certainly Canadian courts will be more efficient and less expensive for applying Canadian law than this Court in that expert opinion regarding Canadian law would not be needed there, but would be

needed here.  And as the U.S. Supreme Court has stated, "There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law [here Canadian law] that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509 (1947).

Accordingly, this court should grant Tiberon Metal's motion to dismiss so that a Canadian court may enforce the Canadian law that governs this dispute.

**2.   Many of the witnesses reside in Canada, and virtually all of them (except for Moss) live outside the Northern District.**

Tiberon Metal's CEO, Mario Caron, has filed a declaration in support of this motion that shows that almost everyone involved in this case lives some place other than the Northern District of California.  Indeed, more than half live in Canada:

| | |
|---|---|
| Witnesses in or around Toronto | 4 |
| Other Canadian witnesses | 2 |
| Witnesses in Vancouver | 1 |
| Witnesses in Australia | At least 2 (possibly more) |
| Witnesses in London | 1 |
| Witnesses in Denver | 1 |
| ***Total*** | ***11*** |

[Caron Decl., ¶ 4]

In contrast, only one witness lives here: Moss.

**3.   A substantial relationship between Ontario and the parties existed when the Canadian choice-of-law provisions were agreed upon.**

At all times relevant to these contracts, Tiberon Metals was a Canadian corporation with its principal place of business located in Toronto, Canada.  [Complaint, ¶ 3].  Defendant's books and records were located in Toronto, Canada, Vietnam and Australia.[1]  Most of the Tiberon

---

[1]   On August 23, 2007, Tiberon Metals transferred its books and records to British Columbia, Canada.  This transfer does not affect the substantial relationship between the parties to Ontario at the time the contract was formed, nor does it pose any hurdle to litigating in Ontario.

Metal's directors and management reside in Toronto. [Caron Decl., ¶¶ 3-5]. Accordingly, the parties have a substantial relationship with Ontario, Canada (the province where Toronto is located) and the Canadian choice-of-law provisions should be enforced.

**B.  The assertion of California Labor Code claims is ancillary to the Moss's primary contract claim that is governed by Canadian law, and carries little weight in balancing policy considerations.**

Although Moss will suggest that the California Labor Code applies to his claims, this assertion is premature and misplaced. Moss's primary claim is that he was owed a bonus for his work for Tiberon Metals in 2006. Adjudication of that claim will require applying Canadian contract law and Canada's business-judgment rule equivalent to determining whether Tiberon Metals was entitled to refrain from paying Moss a bonus before terminating him for performance reasons. Put another way, Moss's Labor Code claims are ancillary to this dispute and consideration of them will come into play if -- and only if -- some bonus is found to be owing at all.

## Conclusion

The parties freely agreed to apply Canadian law to any disputes arising under their labor contracts. More efficient handling of this dispute will occur if Moss files the case in Canada. More witnesses are there, more documents are there, and importantly, the governing law is there. Whatever deference may be given to a local plaintiff's forum choice is not strong enough to defeat these considerations. For all these reasons, Tiberon Metal's motion to dismiss on *forum non conveniens* grounds should be granted.

DATED: September 12, 2007          MBV LAW LLP

By____/s/_____
    DAVID J. BROWN
    Attorneys for Defendant
    TIBERON MINERALS LTD.