# Exhibit "A"

**Trevor A. Moss**
*3645 Crown Hill Dr. Santa Rosa, CA 95404-7659*

Tuesday, 19 December 2006

**Nui Phao Mining Joint Venture Company Limited**
**c/o Tiberon Minerals Ltd.**
100 Yonge Street, Suite 1101
Scotia Plaza
Toronto, ONT
Canada
M5C 2W1

Attention:     Marion Caron – President and CEO

Subject:      Consulting Services Agreement
              2006 Bonus Due

Dear Mario:

I write in reference to my Consulting Services Agreement (the "Agreement") dated 1st August 2005 and the Termination Notice for said Agreement (the "Termination") dated 25th August 2006. Article 2 (b) of the Agreement provides for payment of an annual bonus.

Pursuant to Article 2(b) my predetermined annual objectives (the "Objectives") were established on 2nd February 2006 as reflected in the attachment. Termination was effective 31st August 2006.

I worked diligently throughout my tenure with Nui Phao Mining Joint Venture Company Limited and faced many unanticipated challenges. Through my efforts I satisfied each and every one of the Objectives defined. I am, therefore, due the full amount of the in the amount of US$125,000, calculated in the manner described in Articles 2(b) and 5 (b) (i) of the Agreement.

I would appreciate prompt payment of the bonus to complete my Agreement.

Yours sincerely,

Trevor A. Moss

cc:          Bill Horwich



# TIBERON
MINERALS LTD.

**MEMORANDUM**
Thursday, 02 February 2006

To:    Mario Caron                From:   Trevor A. Moss

cc:

Subject:    Annual Objectives - 2006

| Description | Plan | Rank | Grade | Outcome |
|---|---|---|---|---|
| Complete the upgrade of the ESIA and issue for Project financing and implementation | 1 April 2006 | 1 | | |
| Finalise and issue the project Control Estimate and Project Completion Schedule. | 30 June 2006 | 1 | | |
| Maintain expenditures within the approved budget to the extent that this supports unhindered development of the Project | 31 December 2006 | 1 | | |
| Further the development of Nuiphaovica toward operation status – improve internal management and controls - relocate main office functions to Dai Tu (to the extent that development progress supports this objective) | 31 December 2006 | 2 | | |
| Award the EPCM Contract. | 1 February 2006 | 2 | | |
| Maximise development of the Project in accordance with agreed schedules | | 2 | | |
| Assist in the timely completion of loan documentation and agreements | | 2 | | |
| Further the appropriate development of operational supply agreements – power, rail, port | 31 December 2006 | 3 | | |
| Assist in further development of Tiberon Minerals | | 3 | | |

# Exhibit "B"

TIBERON
MINERALS LTD.

Tiberon Minerals Ltd.
100 Yonge Street, Suite 1101
Scotia Plaza
Toronto, Ontario M5C 2W1
Tel     416-214-1877
Fax     416-214-0091
Email  Info@tiberon.com

Mr. Trevor Moss
3645 Crown Hill Drive
Santa Rosa, California
95404
USA

Dear Trevor

Let me begin by apologizing for the delay in response to your letter of December 19, 2006 concerning your Consulting Services Agreement and the Notice of Termination. We have been extremely busy in light of the takeover offer by Dragon Capital and its affiliates.

As you know, the ultimate decision as to the amount of any bonus payment is made by the Board of Directors of Tiberon based upon a determination made by the Compensation Committee whether your annual objectives have been satisfied. In preparation for making a presentation to that Committee, I have analyzed the objectives established on February 2, 2006 and provided my views as to the fulfilment of those objectives. Enclosed with this letter is my analysis. Based upon that analysis, it is my view that the Compensation Committee may well conclude that there is nothing owing to you by way of a bonus.

Before we proceed to the Committee review, I would invite you to respond to my assessment of the results of your performance.

Yours truly,

Mario Caron

President & CEO



**TIBERON**

MINERALS LTD.

**MEMORANDUM**

Thursday, 02 February 2006

To:     Mario Caron                From:   Trevor A. Moss

cc:
Subject:   Annual Objectives - 2006

| Description | Plan | Rank | Grade | Outcome |
|---|---|---|---|---|
| Complete the upgrade of the ESIA and issue for Project financing and implementation | 1 April 2006 | 1 | | July 2006 |
| Finalise and issue the project Control Estimate and Project Completion Schedule. | 30 June 2006 | 1 | | August 2006 |
| Maintain expenditures within the approved budget to the extent that this supports unhindered development of the Project | 31 December 2006 | 1 | | Engineering review produced by Ausenco was substantially over budget. The 120 day review was not ready for presentation to the board until August 2006. |
| Further the development of Nuiphaovica toward operation status – improve internal management and controls - relocate main office functions to Dai Tu (to the extent that development progress supports this objective) | 31 December 2006 | 2 | | Project delayed by 1 year and +$60 MM over budget. |
| Award the EPCM Contract. | 1 February 2006 | 2 | | Contract was awarded in February 2006 and cancelled in August 2006. Replaced by an EP contract |
| Maximise development of the Project in accordance with agreed schedules | | 2 | | Project delayed by at least 1 year. |
| Assist in the timely completion of loan documentation and agreements | | 2 | | Loan documentation not yet finalised.  Needed rework due to cancellation of EPCM contract. |
| Further the appropriate development of operational supply agreements – power, rail, port | 31 December 2006 | 3 | | Still in progress |
| Assist in further development of Tiberon Minerals | | 3 | | Not Applicable |

# Exhibit "C"



# TIBERON

### MINERALS LTD.

## MEMORANDUM

Friday, 12 January 2007

To:     Mario Caron

cc:

Subject:    Annual Objectives – 2006 – Assessment

From:    Trevor A. Moss

| Description | Plan | Rank | Grade | Moss Assessment of Outcome |
|---|---|---|---|---|
| Complete the upgrade of the ESIA and issue for Project financing and implementation | 1 April 2006 | 1 | 100% | Completion of the fully compliant ESIA actually occurred on 3rd May 2006 whereby the full document was issued to EDC and the remainder of the lender group. The delay in completion was caused by the fact that the deficiencies inherent in the 2005 document far exceeded all expectations, including third parties, and as such were beyond my control. Furthermore, the Company selected PRI provider made unreasonable and contradictory requests regarding its content. Completion of the document was expedited to the extent possible while retaining its integrity and fulfilling the compliance criteria. The task was properly completed in the minimum time possible to achieve the objective. |
| Finalise and issue the project Control Estimate and Project Completion Schedule. | 30 June 2006 | 1 | 100% | The control estimate was completed by Ausenco on 3rd June 2006 in accordance with an overall schedule to support the noted completion date. The estimate prepared at that time closely followed the scope of the project as defined in the 2005 Feasibility Study. However, the value was significantly higher than had been anticipated by anyone. As you are fully aware this first version of the estimate was not issued to you, other management, or the Board due to concerns regarding the potential for its disclosure. The value of the cost estimate was so significantly different to the 2005 Feasibility Study that it |

TIBERON
MINERALS LTD.

| Description | Plan | Rank | Grade | Moss Assessment of Outcome |
|---|---|---|---|---|
| Maintain expenditures within the approved budget to the extent that this supports unhindered development of the Project | 31 December 2006 | 1 | 100% | The only applicable approved budget was that for the calendar year 2006. Expenditures during the period of my contract were indeed maintained within budget and were, in fact, minimised to the extent possible while retaining appropriate timely development within the constraints of the Project. |
| Further the development of Nuiphaovica toward operation status – improve internal management and controls. – relocate main office functions to Dai Tu (to the extent that development progress supports this objective) | 31 December 2006 | 2 | 100% | In accordance with the objective during 2006 Nuiphaovica commenced its transition to Dai Tu in a manner that was appropriate to support the development of the Project. Management controls and reporting were improved and tightened planned. |
| Award the EPCM Contract. | 1 February 2006 | 2 | 100% | The EPCM contract was awarded by letter to Ausenco on 31st January 2006 in accordance with the terms of the contract. The subsequent cancellation occurred after the termination of my agreement and is therefore is not relevant to this assessment. |
| Maximise development of the Project in accordance with agreed schedules | [No date specified] | 2 | 100% | Development of the Project was maintained in accordance with the myriad of constraints imposed by external forces. |
| Assist in the timely completion of loan documentation and agreements | [No date specified] | 2 | 100% | All reasonable efforts were extended to support the completion of the financing term sheet and associated loan documentation. Agreements to the benefit of the Project and the Company were established for the technical aspects of the term sheet. These were the subject of much discussion within Tiberon and resulted in an agreement consistent with the industry standard for projects of this nature. |
| Further the appropriate development of operational supply agreements – power, rail, port. | 31 December 2006 | 3 | 100% | These were given the requisite attention based upon the progress of the project and their respective priority. |

TIBERON
MINERALS LTD.

**Description**
Assist in further development of Tiberon
Minerals

**Plan**
[No date
specified]

**Rank** **Grade**
3       100%

**Moss Assessment of Outcome**
While all efforts of my tenure were directed toward achieving
this objective you have noted this item as not being applicable.

3 of 3

# Exhibit "D"

**Trevor A. Moss**
*3645 Crown Hill Dr. Santa Rosa, CA 95404-7659*

Friday, 12 January 2007

**Tiberon Minerals Ltd.**
100 Yonge Street, Suite 1101
Toronto ONT M5C 2W1
Canada

Attention:     Mr. Mario Caron – President and Chief Executive Officer

Subject:       Outstanding Bonus Due on Consulting Agreement

Dear Mario:

Thank you for your letter of 8th January 2007. I am pleased to learn about the offer by Dragon Capital and trust that this will result in a benefit to Tiberon Minerals Ltd. and its shareholders.

I have reviewed your assessment of the 2006 objectives established for my Consulting Agreement (the Agreement) as they pertain to the bonus payment due. I do not agree with your assessment and provide the attachment as an accurate reflection of the outcome of each of the objectives established.

It appears that in your assessment you have overlooked certain key aspects and neglected specific dates pertinent to the development activities. The attached provides specific details for the principal objectives and clearly refutes your conclusion.

I wish to remind and reiterate to you and the Board of Directors of Tiberon Minerals Ltd. that the 2005 Feasibility Study and associated 2005 international ESIA were completed, by the Company, prior to the commencement of my Agreement. I had no involvement in the development or completion of either of these documents.

At no time prior to, during, or after the termination of my agreement, did I accept as accurate any of these prior documents or agree to any of the development details, schedules or cost commitments contained therein. In fact upon their respective review I made it clear to you, the other members of management, and to the Board of Directors of Tiberon Minerals Ltd., that there were significant discrepancies, omissions and errors inherent to each of these documents. During numerous successive Board and management meetings commencing in September 2005 I consistently and repeatedly stated that the 2005 Feasibility Study estimate and schedule were not achievable as proposed by Aker Kvaerner, and that the 2005 ESIA was not compliant with international standard as had been indicated by its author Knight Piésold Vancouver. This latter point was indeed corroborated by the independent engineer engaged by the group of lenders.

On numerous occasions during the period of my Agreement you, in fact, stated that you fully expected the 2005 Feasibility Study project cost to be significantly exceeded and that the completion schedule of the project would be delayed by at least one year from that forecast by Aker Kvaerner. Indeed at the time of the commencement of my agreement the schedule was already delayed at least 2 months on its critical path.

phone:   +1 925 577 1078
fax:      +1 707 581 7314
e-mail:   trevor.moss@teamoss.us

**Trevor A. Moss**

At the commencement of 2006 the extent of the deficiencies of the 2005 ESIA remained unclear. As the revision of the document continued such deficiencies were clarified and a significant effort was extended by all parties to develop an internationally compliant document in a reasonable time period. Such development did not impact the development timetable of the project.

Furthermore, at that same juncture the extent of the underestimation of the capital cost for the project was also not defined. This too was the subject of significant effort and detailed data was indeed developed in a timely manner.

In good faith and with the full and complete knowledge of the management and Board of Tiberon Minerals Ltd. and commencing in January 2006 I embarked on an exercise to:

1. Prepare an appropriate engineering package for the development of the project and to establish a control estimate and schedule that expedited project completion while accounting for the many constraints inherent in this project and to correct the deficiencies of the Feasibility Study; and,
2. Complete a fully compliant international ESIA suitable for submission to the associated international lending institutions as selected by Tiberon.

Progress of each of these objectives was clearly reported at least monthly. At no time during the period of my Agreement did you or any of the Board of Directors express to me any dissatisfaction with regard to the details of the development activities or the timeliness of said activities for which I was responsible. In fact all key decisions, contracts awards, and documents released only occurred with the full approval and authority of yourself and/or the Board of Directors. Indeed, immediately after the termination of my Agreement you engaged me under separate agreement to prepare the important revised NI 43-101 report for the project.

In conclusion the data presented herein clearly demonstrates that I fulfilled the objectives and am due the bonus in the amount previously noted. I trust that you will now re-assess your earlier position and provide a more reasonable and appropriate response to my request for bonus payment.

Yours sincerely,

Trevor A. Moss

# TIBERON

MINERALS LTD.

## MEMORANDUM
Friday, 12 January 2007

To:    Mario Caron        From:    Trevor A. Moss

cc:

Subject:    Annual Objectives – 2006 – Assessment

| Description | Plan | Rank | Grade | Moss Assessment of Outcome |
|---|---|---|---|---|
| Complete the upgrade of the ESIA and issue for Project financing and implementation | 1 April 2006 | 1 | 100% | Completion of the fully compliant ESIA actually occurred on 3rd May 2006 whereby the full document was issued to EDC and the remainder of the lender group. The delay in completion was caused by the fact that the deficiencies inherent in the 2005 document far exceeded all expectations, including third parties, and as such were beyond my control. Furthermore, the Company selected PRI provider made unreasonable and contradictory requests regarding its content. Completion of the document was expedited to the extent possible while retaining its integrity and fulfilling the compliance criteria. The task was properly completed in the minimum time possible to achieve the objective. |
| Finalise and issue the project Control Estimate and Project Completion Schedule. | 30 June 2006 | 1 | 100% | The control estimate was completed by Ausenco on 3rd June 2006 in accordance with an overall schedule to support the noted completion date. The estimate prepared at that time closely followed the scope of the project as defined in the 2005 Feasibility Study. However, the value was significantly higher than had been anticipated by anyone. As you are fully aware this first version of the estimate was not issued to you, other management, or the Board due to concerns regarding the potential for its disclosure. The value of the cost estimate was so significantly different to the 2005 Feasibility Study that it |

1 of 3

# TIBERON
MINERALS LTD.

| Description | Plan | Rank | Grade | Moss Assessment of Outcome |
|---|---|---|---|---|
| Maintain expenditures within the approved budget to the extent that this supports unhindered development of the Project | 31 December 2006 | 1 | 100% | endangered the viability of the project. During the following seven weeks the scope of the facility was revised to reduce capital cost and as a result the cost estimate was the subject of an extensive effort of revision and ultimately the overall value was reduced. The resultant estimate was issued and reviewed with you on 24th July 2006. Further review occurred thereafter, at your request, to reduce the cost even further. Such efforts were performed to the benefit of the Project and the Company. The only applicable approved budget was that for the calendar year 2006. Expenditures during the period of my contract were indeed maintained within budget and were, in fact, minimised to the extent possible while retaining appropriate timely development within the constraints of the Project. |
| Further the development of Nuiphaovica toward internal operation status – improve internal management and controls – relocate main office functions to Dai Tu (to the extent that development progress supports this objective) | 31 December 2006 | 2 | 100% | In accordance with the objective during 2006 Nuiphaovica commenced its transition to Dai Tu in a manner that was appropriate to support the development of the Project. Management controls and reporting were improved and tightened planned. |
| Award the EPCM Contract. | 1 February 2006 | 2 | 100% | The EPCM contract was awarded by letter to Ausenco on 31st January 2006 in accordance with the terms of the contract. The subsequent cancellation occurred after the termination of my agreement and is therefore is not relevant to this assessment. |
| Maximise development of the Project in accordance with agreed schedules | [No date specified] | 2 | 100% | Development of the Project was maintained in accordance with the myriad of constraints imposed by external forces. |
| Assist in the timely completion of loan documentation and agreements | [No date specified] | 2 | 100% | All reasonable efforts were extended to support the completion of the financing term sheet and associated loan documentation. Agreements to the benefit of the Project and the Company were established for the technical aspects of the term sheet. These were the subject of much discussion within Tiberon and resulted in an agreement consistent with the industry standard for projects of this nature. |
| Further the appropriate development of operational supply agreements – power, rail, port | 31 December 2006 | 3 | 100% | These were given the requisite attention based upon the progress of the project and their respective priority. |

TIBERON
MINERALS LTD.

| Description | Plan | Rank | Grade | Moss Assessment of Outcome |
|---|---|---|---|---|
| Assist in further development of Tiberon Minerals | [No date specified] | 3 | 100% | While all efforts of my tenure were directed toward achieving this objective you have noted this item as not being applicable. |

# Exhibit "E"



Tiberon Minerals Ltd.
100 Yonge Street, Suite 1101
Scotia Plaza
Toronto, Ontario M5C 2W1
Tel    416-214-1877
Toll   866-616-2404
Fax   416-214-0091
Email  info@tiberon.com

January 24, 2007

Mr. Trevor A. Moss
3645 Crown Hill Dr.
Santa Rosa, CA
95404-7659

Dear Trevor,

Thank you for your letter of January 12th, 2007. I believe that the Dragon offer, if successful, will be extremely beneficial to the development of the project since Dragon is highly committed to Vietnam.

Before I refer the matter to the Compensation Committee, I would like to make some additional comments. When you set out your objectives at the beginning of 2006, you were fully aware of the shortcomings of the ESIA and of the necessity of having the lenders comments and those of their advisors incorporated into the final document. The extent of the overrun on the capital costs were not known until you made the formal presentation to the Board of Directors on August 9th, 2006. The initial cost review presented by Ausenco was unacceptable and you even acknowledged that it was so out of line that you did not inform me of that number. You have also stated to me that the latest capital cost estimate prepared by Ausenco was too high and clearly unacceptable but that Tiberon had no choice but to move forward and make some changes to mitigate these costs and move the project forward.

I will make the following comments on the various objectives.

**ESIA:**
The document was posted on MIGA website on July 20th, 2006.

**Project Control Estimate and Project Completion Schedule:**
The Project Control Estimate was presented to the Board of Directors on August 9th, 2006. You acknowledged at that time that the cost were still too high and that it was too late to ask Ausenco to go back and do another estimation. Under the 120 day schedule of Ausenco, this estimate should have been finalized at the end of May, 2006.

**EPCM Contract:**

The EPCM contract was awarded at the end of January 2006. At the board meeting of August 9th, 2006, you recommended to the Board, that in light of the performance of Ausenco to date and the project cost increase, that the EPCM contract with Ausenco be canceled and replaced with 2 separate contracts, one for EP with Ausenco, and eventually one for CM with a firm yet to be determined at that time. After the board meeting, we both went to Hanoi to inform the Vietnamese staff of the new course of action and you subsequently traveled to Brisbane to inform Ausenco of your recommendations and of the Board's approval of your recommendation.

On the other objectives, I stand by my earlier comments.

Sincerely,

Mario Caron
President & CEO
Tiberon Minerals Limited

# Exhibit "F"

**Trevor A. Moss**
*3645 Crown Hill Dr. Santa Rosa, CA 95404-7659*

Thursday, 25 January 2007

**Tiberon Minerals Ltd.**
100 Yonge Street, Suite 1101
Toronto ONT M5C 2W1
Canada

Attention:      Mr. Mario Caron – President and Chief Executive Officer

Subject:        Outstanding Bonus Due on Consulting Agreement

Dear Mario:

I have received your letter of 24th January 2007. I can only surmise that you must be very busy at the moment with the acquisition by Dragon Capital, and do not have sufficient time to properly address the topic of this letter.

Within your recent letter you make several incorrect statements as described below.

**ESIA**

The extent of deficiencies in the 2005 ESIA were certainly not known at the commencement of 2006 as you claim. As you are fully aware, Knight Piésold and Co of Denver completed the document after taking over the responsibility from their sister office in Vancouver. Indeed Knight Piésold of Denver, experts in the field of international ESIA development and involved in the document upgrade at the commencement of 2006, only became aware of the total extent of the deficiencies later during the course of completion of the document. Moreover, the stated 2006 objective related only to completion of the upgrade of said document and its issue for financing. No commitment was made to include any time necessary for reviews or postings by any external parties.

**Project Control Estimate and Completion Schedule**

The 3rd June 2006 estimate was complete and followed the scope of the project defined in the Feasibility Study and fulfilled the 2006 objective. You are correct that I expressed concern about the magnitude of the cost proposed and that you were not apprised of the full value of the 3rd June 2006 estimate at its completion. This latter being partly due to your expressly stated wish to not be so advised as it may result in disclosure issues for the Company. However, as you were made aware, this initial estimate was greatly in excess of the prior, exceeded expectations, and resulted in a significant negative impact to the economic viability of the Project. It was only prudent, therefore, to seek ways to reduce cost and improve project feasibility and hence, with your full knowledge and support, a value engineering exercise was undertaken to reduce cost and improve project economics. The resulting capital cost was discussed with you in detail on the 24th of July 2006 in the Ausenco office in Brisbane Australia.

I did not indicate that the final (as presented on 9 August 2006) cost estimate as released by Ausenco was "too high" as you claim. At the 9 August 2006 Board presentation I did comment on the high proportional value of the estimate of EPCM services as proposed by Ausenco, but also confirmed that many avenues had been explored to reduce such cost but that these had been exhausted.

phone:    +1 925 577 1078
fax:       +1 707 581 7314
e-mail:    trevor.moss@teamoss.us

*Trevor A. Moss*

**EPCM Contract**
Once again you are incorrect in your statement. At no time did I either recommend that the EPCM contract be cancelled or that it be replaced by other contracts. I merely proposed that the short term services of Ausenco continue on a reduced remit to cover just EP services in an effort to minimise short term costs in light of the delays to the schedule caused by the uncertain resettlement progress and then implement CM activities once such activities could commence with confidence and cost efficiency. This approach was designed to minimise expenditures and conserve precious Company capital. My recommendation did not propose revision of the contract in any way as any of the proposed revisions could have been readily accommodated within the January 2006 contract as they were already covered in the inherent terms agreed.

During my visit to Ausenco after the Board meeting I did not apprise Ausenco management of any decision to cancel the contract but simply proposed that services continue on an EP basis. Such an approach was reviewed also with Company representatives located in the Ausenco office. No specific action was taken at that time.

**Other Objectives:**
To summarily dismiss my other rebuttal on the other objectives is both unreasonable and unacceptable.

I sincerely hope that we can conclude this final aspect of my Agreement without animosity and look forward to a more appropriate reply in due course.

Yours sincerely,

Trevor A. Moss

# Exhibit "G"



**TIBERON**
MINERALS LTD.

Tiberon Minerals Ltd.
100 Yonge Street, Suite 1101
Scotia Plaza
Toronto, Ontario M5C 2W1
Tel    416-214-1877
Toll   866-616-2404
Fax    416-214-0091
Email  info@tiberon.com

February 19, 2007

Mr. Trevor Moss
3645 Crown Hill Drive
Santa Rosa, California  95404
USA

Dear Trevor

As you are aware, a meeting of the Compensation Committee was held in Toronto this past week at which your bonus was discussed.  The Committee had the benefit of reviewing all relevant documentation and correspondence on the matter of a bonus, including all of the matters raised by you in your submissions in that regard.  After due consideration, the Committee determined that you are not eligible for a bonus under the terms of your arrangement with the Company.  Subsequently, that decision was received by the Board of Directors and they determined to take no action to approve a bonus.  The granting of a bonus is at the discretion of the Board of Directors of the Company and in the circumstances their determination is final.

Yours truly,

TIBERON MINERALS LTD.

by

Mario Caron
President and CEO

3954305_1.DOC