DAVID J. BROWN (State Bar No. 56628)
MBV LAW LLP
855 Front Street
San Francisco, California 94111
Telephone: 415-781-4400
Facsimile: 415-989-5143

Attorneys for Defendant
TIBERON MINERALS LTD.

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO CA 94111

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TREVOR MOSS,

Plaintiff,

v.

TIBERON MINERALS LTD.,

Defendant.

CASE NO. C 07 2732 SC

**OBJECTIONS TO THE DECLARATION OF TREVOR MOSS IN OPPOSITION TO MOTION TO DISMISS FOR FORUM NON-CONVENIENS**

Date: October 26, 2007
Time: 10:00 a.m.
Dept.: Courtroom 1, 17th Floor
Judge: Hon. Samuel Conti

Defendant Tiberon Minerals Ltd. objects to portions of the Trevor Moss declaration in opposition to Tiberon's motion to dismiss on the following grounds. The materials to which the objections apply should not be considered in ruling on the motion because they do not constitute material and admissible evidence as they are presented to the Court. Tiberon reserves its rights later to object to statements and documents in and attached to the Moss Declaration if those materials are presented in other aspects of this case.

///

///

///

| Passage | Objection |
| --- | --- |
| ¶ 1. Declarant is a Registered Engineer and holds an honors degree in civil and structural engineering from the University of Bradford, England and a master's degree in civil engineering from Arizona State University. Declarant has over 25 years of minerals industry operations and development experience for international private and public companies. As a result of activities with major and junior mining companies such as Cyprus Amax, Barrick and Gabriel Resources, combined with contracting experience with Kvaerner E&C, Declarant has extensive industry experience and has developed projects in Europe, North America, South America and Asia. | Federal Rules of Evidence ("FRE"), Rule 402 – Not relevant.<br><br>FRE, Rule 701 – Lacks foundation with respect to what the plaintiff's "activities with major and junior mining companies" has been to support the conclusion drawn. |
| ¶ 2. Declarant has comprehensive international experience in the areas of operations and project development, risk assessment/mitigation, enterprise financial modeling, debt/equity project financing, government relations and corporate social and environmental responsibility. As an experienced practitioner in advancing development opportunities into mining operations, Declarant has been actively engaged in the development of projects for commodities such as coal, copper, molybdenum and zinc, gold and silver, and also industrial and strategic minerals such as tungsten and bismuth. | FRE, Rule 402 – Not relevant.<br><br>FRE, Rule 701 – Lacks foundation as to what the "experience" is that is being used to support the opinion being expressed to support the opinion being expressed. |
| ¶ 2. In August of 2005, Declarant contracted with the Nui Phao Mining Joint Venture Company Ltd. ("Nuiphaovica" or "the joint venture") to provide consulting services in connection with its development plans for the Nui Phao tungsten-fluorspar project in Vietnam. | FRE, Rule 1002 – Best evidence rule – a copy of the contract which includes a description of the obligations being undertaken by the plaintiff exists and is attached to the Complaint in this case. While the contract uses the term "consulting services" in it, to call the duties simply "consulting services" when plaintiff was retained to be vice president of operations of the joint venture (see Exhibit 1 to the Complaint at paragraph 1) is an opinion constituting an argumentative position not supported by the contract to which the declarant makes reference. |

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO CA 94111

| Passage | Objection |
|---|---|
| ¶ 4. In 2005, Nuiphaovica was granted a Mining License to develop and mine tungsten, fluorspar, bismuth, copper and gold from the Nui Phao deposit. Nuiphaovica operates under the direction of a six member Board of Management. Tiberon, as the majority owner, is entitled to appoint four members to the Board while TNMC and Intraco can each appoint one member. The joint venture is headquartered in Vietnam, as it has been since the inception of my contract. | FRE, Rules 401, 402, and 701 – Lacks foundation and no showing of personal knowledge of the facts stated.<br><br>FRE, Rules 402 and 801 et seq. – Not relevant, except perhaps the last sentence (although there is no foundation to show whether it is a correct statement and not hearsay). |
| ¶ 5. The July 2005 Nui Phao Final Feasibility Study, released the month prior to my employment, anticipated processing ore at 3.5 million tons per annum, yielding an average annual production of 4,700 tons of tungsten trioxide, 214,000 tons of acid-grade fluorspar, 2,000 tons of bismuth, 5,500 tons of copper and 2,300 ounces of gold. Nui Phao contains over 55 million tons of proven and probable reserves for an estimated mine life in excess of 16 years, making it one of the largest tungsten-fluorspar deposits located outside China. Since China controls about 80% of the tungsten mined each year, and has forbidden its export since 2000, the Nui Phao deposit is extremely valuable to the world market. | FRE, Rule 402 – Lacks relevance to a motion to dismiss for *forum non conveniens*.<br><br>FRE, Rules 602, 701 and 801 et seq. – Lacks foundation and showing of basis for personal knowledge, and is hearsay. |
| ¶ 6. I provide consulting engineering services from my place of business in Sonoma County, California. At the time I was approached by Tiberon to perform consulting services in connection with the Nui Phao project in Vietnam, my consulting business was located in San Ramon, California. During the course of providing consulting services on the Nui Phao project, I relocated my offices to Santa Rosa, California, where I presently reside. | FRE, Rule 402 – Lacks relevance as written. The problem is that it states generally about consulting engineering services but does not discuss specifically about those provided to the joint venture or Tiberon. |

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO CA 94111

| Passage | Objection |
|---|---|
| ¶ 9. Based upon press releases from Tiberon, it is my understanding that Tiberon is now the wholly owned subsidiary of Vietnam-located entities, has closed its Canadian office and has relocated its principal place of business to Hanoi. It is my understanding, again based upon Tiberon press releases, that Mario Caron and the other members of Tiberon's Board of Directors during my employment have been replaced and no longer have any connection to either Tiberon or Nuiphaovica. The sale price they apparently received for their stock was 55% higher than the market price of that stock when I began my consulting work for Nuiphaovica, 16 months earlier. | FRE, Rule 801 et seq. – Hearsay<br><br>FRE, 602 – Lacks foundation and showing of non-hearsay personal knowledge.<br>FRE, Rule 901 – Does not authenticate or fully identify the materials on which the statement is based.<br><br>FRE, Rule 402 – Fact that Mr. Caron and other members of Tiberon's Board of Directors are no longer with Tiberon has no relevance the question of whether or not they are witnesses to Mr. Moss's work performance and Tiberon's Compensation Committee's and Board of Director's decision not to award a bonus to Mr. Moss when they were active in the company.<br><br>The stock price of Tiberon has no relevance to a *forum non conveniens* decision. |
| ¶ 10. I worked full time each and every day of the contract calendar including weekends and holidays in my efforts to advance the project. | FRE, Rule 402 – Lacks relevance to the issues in this motion to dismiss on *forum non conveniens* grounds. |
| ¶ 11. For reasons related to project delays anticipated by all concerned, and as a cost benefit to the project, my consulting contract, along with my Tiberon officer status, ended on August 31, 2006, although I continued to provide consulting services to Nuiphaovica under a separate contractual arrangement for the purpose of preparing a statutory technical and financial document for submission to the Ontario Securities Commission. I was paid my base salary in a timely fashion, and received the minimum bonus of 40% of that base salary for the *pro-rata* portion of the 2005 calendar year that I worked. The 40% bonus amount was the minimum target, and the objectives to be agreed upon as called for in my consulting agreement were to be established as a measure against which to determine the *additional* bonus up to 75% of the "prior twelve (12) month consulting fee. | FRE, Rule 402 – Lacks relevance to the issues in this motion to dismiss on *forum non conveniens* grounds.<br><br>FRE, Rules 701, 702 – Improper lay opinion and improper opinion on legal interpretation of a contract. |

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO CA 94111

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO CA 94111

| Passage | Objection |
|---|---|
| ¶ 12. Since no objectives had been agreed upon between me and Nuiphaovica for calendar year 2005, I received the 40% minimum bonus. We did identify objectives for calendar year 2006, and I achieved each and every one of those objectives. The issue to be determined by this lawsuit is my attainment of those 2006 objectives. | FRE, Rule 402 – No relevance to *forum non conveniens* decision. |
| ¶ 12. Qualified percipient witnesses must have sufficient detailed knowledge of the aspects governing my work on the project to be able to attest with regard to the details of my achievement of the objectives. | FRE, Rule 402 -- lacks relevance to the issues in this motion to dismiss on *forum non conveniens* grounds. Furthermore the contract on which Mr. Moss sues gives the decision as to whether he attained his goals and should be awarded any bonus to Tiberon's Compensation Committee and Board of Directors. See Exhibit A to the Complaint, which provides in part: *Moss shall participate in the formal bonus plan adopted by the Company. The bonus to Moss is based on predetermined annual objectives mutually agreed upon each year by the parties, for the period through 2006, within eight (8) weeks after the Effective Date, and thereafter within eight (8) weeks after the start of each calendar year, and shall be set at a target of 0 to 75% of Moss's prior twelve (12 month consulting fee with a target of 40% as a bonus.* ***Determination of whether the annual objectives have been satisfied shall be made by the Compensation Committee, to be ratified by the Board of Directors.*** [Emphasis added]. Interestingly, in Exhibit A to Mr. Moss's Declaration, Mr. Moss's letter claiming he made all of his objectives recognizes that his bonus is governed by the language quoted above in his contract with the Joint Venture.<br><br>FRE, Rules 701, 702 – Improper lay opinion and improper opinion on legal question. |

| Passage | Objection |
|---|---|
| ¶ 13. In my view, only individuals directly involved with development activities can qualify as witnesses, which precludes anyone who did not visit the work sites in Vietnam or Australia during my contract. For anyone to be considered a percipient witness, and especially anyone who claims to have "intimate knowledge," that person would have to have had specific knowledge of the details of the project. This would entail them having visited the key development sites in Dai Tu and Hanoi, Vietnam (the project sites), Brisbane Australia (the development engineers) and Singapore (the bankers and lawyers). | FRE, Rules 701, 702 – Improper lay opinion and improper opinion on legal issue. |
| ¶ 14. To my knowledge, Richard Lister did not visit any of the development sites during my contract and, therefore, could not have been "intimately familiar" as Tiberon contends. During the entire time I was providing consulting services, I do not recall, with two exceptions, any of the then Tiberon directors making a visit to any of the project locations and hence none had any direct interaction with the personnel involved with development. One exception is Director Komperdo, who visited Hanoi, but not the project site, to advance another company in which he had an interest and who informed me that he was not qualified to opine on project management. Any knowledge the former Directors of Tiberon may have acquired can only have been obtained vicariously through Board discussions with Chairman Mario Caron, the other exception. | FRE, Rules 701, 702 – Improper lay opinion on who can be a witness. Also lack foundation as to what declarant knows or does not know, and whether it was learned through hearsay. Also ignores the fact that the Compensation Committee and Board of Directors were give the power under Mr. Moss's contract with the Joint Venture to determine his bonus and whether or not he had met his objectives. Those Committee and Board Members clearly are witnesses to those decisions and their power to make the decisions was given to them contractually by Mr. Moss. |
| ¶ 15. Tiberon's brief in support of its motion states that my contract was terminated "for performance reasons," but this is simply untrue. Throughout my consulting work there was *never* any suggestion or accusation regarding poor performance on my part. In fact, so far as I am aware, at no time did the Board of Directors of Tiberon criticize my personal performance. | FRE, Rule 402 – Lacks relevance. |

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO CA 94111

| Passage | Objection |
|---|---|
| ¶ 16. The fact that delays in the development of the project were occurring and that costs were increasing was acknowledged at many points in time by Tiberon's executive management and the Directors. Such delays and cost increases were occurring in all aspects, not only those under my management, and were (and still are) an understood and accepted result of the commodity boom being experienced throughout the minerals industry. In fact, Mario Caron, who was then Chairman of both Tiberon and Nuiphaovica, openly stated on several occasions, including to third parties, that he expected delays and significant cost increases to occur – when actual performance was compared to the projections of the Feasibility Study completed in 2005 prior to my employment, and press releases from Tiberon and other sources of information available to me establish that delays in the schedule continue to occur. | FRE, Rule 402 – Lacks relevance to decision on *forum non conveniens* motion. That factors not under Mr. Moss's control contributed to his inability to meet all of his goals is not relevant to the question as to where the case should be pursued. If a baseball pitcher has an incentive bonus provision if he obtains 130 strikeouts during a season, and new interpretation of the size of the strike zone by the umpires make strikeouts harder to obtain, does not mean the incentive bonus should be awarded if only 70 strikeouts were obtained. |
| ¶¶ 17-34 in their entirety. | FRE, Rules 401, 402 – That external forces contributed to Mr. Moss's inability to meet his bonus objectives is not relevant to the issue as to whether or not he met his objectives. |
| ¶ 36. It would be extremely costly and detrimental to my business should I be required to pursue my claim in Ontario. I have no employees or assistants to assume responsibility for my work in the event I am required to spend any significant time in Toronto. The cost of pursuing this case in Ontario would be a substantial financial hardship, which I can ill afford. | FRE, Rule 701 – Lacks foundation.<br><br>FRE, Rules 401, 402 – Not relevant when Mr. Moss chose to contract with a Vietnamese Joint Venture and Canadian Company that managed the Joint Venture, agreed to a Canadian choice of law provision, when, as he says in ¶ 7 of his complaint, that contract was reached after lengthy negotiations among the parties. |

DATED: October 12, 2007

MBV LAW LLP

By /s/
DAVID J. BROWN
Attorneys for Defendant
TIBERON MINERALS LTD.

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO CA 94111