James M. Hanavan, State Bar No. 66097
Kristen E. Drake, State Bar No. 202827
CRAIGIE, McCARTHY & CLOW
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 732-7788
Facsimile: (415) 732-7783

Attorneys for Plaintiff Trevor Moss

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TREVOR MOSS,<br><br>    Plaintiff,<br><br>    v.<br><br>TIBERON MINERALS LTD.,<br><br>    Defendant. | Case No.: C 07-2732- SC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE DECLARATION OF TREVOR MOSS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR *FORUM NON- CONVENIENS***<br><br>Hearing Date:  October 26, 2007<br>Time:          10:00 a.m.<br>Location:      Courtroom 1, 17th Floor<br>Judge:         Hon. Samuel Conti |

///

///

///

///

///

///

///

///

Plaintiff's Response to the Objections to the Declaration of Trevor Moss in Opposition to Defendant's Motion to Dismiss for *Forum Non-Conveniens*

In response to Defendant's Objections to the Declaration of Trevor Moss in Opposition to Motion to Dismiss for *Forum Non-Conveniens*, plaintiff Trevor Moss respectfully submits the following:

Defendant TIBERON MINERALS LTD. (hereinafter "Tiberon") has filed evidentiary objections to the Declaration of Trevor Moss filed in opposition to Tiberon's *forum non conveniens* motion. Tiberon principally argues that the Moss Declaration is irrelevant to the motion and/or lacks foundation pursuant to Federal Rules of Evidence 402 and 701. Tiberon also has a "best evidence" objection to paragraph 2, wherein Mr. Moss states that he was hired as a consultant by the joint venture, despite the fact that paragraph one of the subject agreement, Tiberon's "best evidence," expressly states that "Moss hereby agrees to provide consulting services to the" joint venture.

In a footnote to its reply papers, Tiberon cites a case which it asserts establishes that the "business judgment rule" would be applied to Mr. Moss's claims and would be a complete defense to those claims under Ontario law. Of course, any such contention should have been made in the *moving papers*, but was not. While Tiberon's failure to make this argument in its moving papers prevents Mr. Moss from presenting evidence on the preliminary choice of law issues which *must* be determined before a *forum non conveniens* motion can be granted, the "business judgment rule," and its lack of application to the present circumstances, is the primary subject of the opposition as filed, as well as the pending discovery served on Tiberon. The response to Tiberon's primary objection to the Moss Declaration, that it is "irrelevant" pursuant to Federal Rule of Evidence 402, is incorrect because that declaration addresses *both* the inapplicability of the "business judgment rule" to the facts of the case *and* the locations of the actual percipient witnesses expected to establish Mr. Moss's performance of the criteria entitling him to his bonus.

The "relevancy" objection is based upon Tiberon's incorrect categorization of the Moss opposition papers as being used by Mr. Moss "to forward his theme that he worked sufficiently hard and well to justify a bonus…" [Reply Memorandum at 1:8-9.] In fact, the Moss Declaration

1

Plaintiff's Response to the Objections to the Declaration of Trevor Moss in Opposition to Defendant's Motion to Dismiss for *Forum Non-Conveniens*

and attachments were presented to establish that his primary assigned objective was to satisfy the joint venture's lenders, so that the joint venture project could proceed. The remaining evidentiary materials submitted with the opposition, as well as the pending discovery served on Tiberon, will be sufficient to establish that no Ontario individual or entity ever considered, in "good faith" or otherwise, Mr. Moss's entitlement to the bonus he had earned under the terms of the parties' consulting agreement, a fact clearly relevant to this motion.

As detailed in plaintiff's opposition papers, discovery of facts relating to a *forum non-conveniens* motion is essential. *In re Bridgestone/Firestone, Inc., ATX, ATX II & Wilderness Tires Products Liab. Litig.* (SD IN 2001) 131 F. Supp.2d 1027, 1029-130. Deciding a motion based upon *forum non conveniens* "requires the court to 'scrutinize the substance of the dispute between the parties to evaluate what proof is required and [to] determine whether the pieces of evidence cited by the parties are critical, or even relevant to the plaintiff's cause of action and to any potential defenses to the action.' … This rather daunting task is hardly one to be undertaken without adequate information. Therefore, it behooves courts to permit discovery on facts relevant to forum non conveniens motions." *Id*.

As the opposition materials already presented to this Court suggest, the following facts will be established by the outstanding discovery: [1] a Vietnamese entity, Dragon Capital, either directly or through a nominee, acquired ownership of Tiberon *before* any consideration was given to paying Mr. Moss his bonus; [2] effective control of Tiberon had been transferred to Dragon Capital *before* any consideration was given to paying Mr. Moss his bonus; [3] any bonuses that were in fact approved for any joint venture contract workers were approved *before* effective control was transferred to Dragon Capital; [4] no bonuses for any joint venture contract workers were approved *after* effective control was transferred to Dragon Capital; [5] Dragon Capital had no interest in honoring the bonus provision of the Moss agreement, since Dragon Capital intended to abandon the financing structure which Mr. Moss had been hired to perfect; and [6] Dragon Capital, although the only entity empowered to honor the bonus terms, had no economic incentive whatsoever to do so, and a substantial economic incentive to act in bad faith.

2

Plaintiff's Response to the Objections to the Declaration of Trevor Moss in Opposition to Defendant's Motion to Dismiss for *Forum Non-Conveniens*

While no additional evidence can be presented at this time, Mr. Moss notes that the Declaration of Steven J. Cresswell, filed with Tiberon's reply papers, supports Mr. Moss's position. Mr. Cresswell states that one "John Shrimpton" was a "guest" at the February 15, 2007, Tiberon "Compensation Committee" meeting, at which the Moss entitlement to a bonus was allegedly to be considered. [Cresswell Decl. at ¶ 2.] According to the Osram Sylvania Products Inc. lawsuit against Tiberon and Dragon Capital, presently pending in the Central District of Pennsylvania, **"[o]n December 8, 2006, John Shrimpton ('Shrimpton'), managing director of Dragon, telephoned SYLVANIA** management," and **"[o]n January 10, 2007, Dragon (Shrimpton) again telephoned SYLVANIA … [to tell] them that…Dragon had directed Tiberon management** to provide SYLVANIA with a Power Point presentation and press release in which Dragon expected Tiberon to announce the acquisition of Tiberon by Dragon." [Complaint at ¶¶ 60, 65, attached as Exhibit "C" to plaintiff's Request for Judicial Notice, emphasis supplied.]

Informal investigation to date indicates that the following will be established by the outstanding discovery: [1] John Shrimpton is a co-founder of Dragon Capital; [2] John Shrimpton has resided in Ho Chi Minh City, Vietnam, for more than 10 years; [3] John Shrimpton became the Chief Executive Officer and Managing Director of Tiberon and holds the same positions with its successor; and [4] no party to this litigation has any connection with Ontario, including the officers and directors of "the recent successor in interest" to Tiberon, referenced in Mr. Cresswell's declaration. [Cresswell Decl. at ¶ 1.] Further, it is anticipated that outstanding discovery will establish that, following the completion of Mr. Moss's consulting agreement, Dragon Capital, a financially strong Vietnamese investment company, had no interest in proceeding with the joint venture financing arrangements Mr. Moss had been retained to perfect.

With respect to Tiberon's "foundational" objections, the statements of Mr. Moss are, with the primary exception of statements in paragraph 9, of facts which would clearly be within his personal knowledge, given his role as the person running the mining development operations in Vietnam and elsewhere. The statements made by Mr. Moss in paragraph 9, wherein Mr. Moss

3

Plaintiff's Response to the Objections to the Declaration of Trevor Moss in Opposition to Defendant's Motion to Dismiss for *Forum Non-Conveniens*

states that, "[b]ased upon press releases from Tiberon," he understands "that Tiberon is now the wholly owned subsidiary of Vietnam-located entities, has closed its Canadian office and has relocated its principal place of business to Hanoi" and "that Mario Caron and the other members of Tiberon's Board of Directors…have been replaced and no longer have any connection to either Tiberon or [the joint venture]," are *not hearsay* because Tiberon's press releases are admissions of a party opponent.

Tiberon objects to these Moss statements on the basis of Federal Rule of Evidence 801, contending that they are "hearsay."  In *Florida Conference Ass'n of Seventh-Day Adventists v. Kyriakides* 151 F.Supp.2d 1223, 1225-1226 (C.D. Cal., 2001), however, plaintiff printed SEC reports off the Internet Lexis-Nexis Web site and offered copies into evidence.  The court held the reports were admissible as party admissions under Federal Rule of Evidence section 801(d) (2) (A).

The federal rules treat party admissions as *nonhearsay*.  Fed. Rule of Evid. 801(d) (2). The theory is that "their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule."  In effect, the federal rules dispense with any concern about the *trustworthiness* of party admissions.  See Fed. Rule of Evid. 801(d) (2), Adv.Comm. Notes.  Copies of Tiberon's press releases, establishing the existence of the press releases seen by Mr. Moss, have been attached to the Request for Judicial Notice filed in opposition to Tiberon's motion.

Dated: October 19, 2007                    CRAIGIE, McCARTHY & CLOW


                                           _____*/s/ James M. Hanavan*_____
                                           By: James M. Hanavan
                                           Attorneys for Plaintiff Trevor Moss

4

Plaintiff's Response to the Objections to the Declaration of Trevor Moss in Opposition to Defendant's Motion to Dismiss for *Forum Non-Conveniens*