James M. Hanavan, State Bar No. 66097
Kristen E. Drake, State Bar No. 202827
CRAIGIE, McCARTHY & CLOW
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 732-7788
Facsimile: (415) 732-7783

Attorneys for Plaintiff Trevor Moss

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TREVOR MOSS,

Plaintiff,

v.

TIBERON MINERALS LTD.,

Defendant.

Case No.: C 07-2732- SC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER JUDGMENT PURSUANT TO FRCP 59(e) AND MOTION FOR RELIEF FROM JUDGMENT DISMISSING FOR *FORUM NON- CONVENIENS* PURSUANT TO FRCP 60(b)**

Hearing Date: January 25, 2008
Time: 10:00 a.m.
Location: Courtroom 1, 17th Floor
Judge: Hon. Samuel Conti

///

///

///

///

///

///

///

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

i

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............ 1

A. Several Incorrect Factual Statements in this Court's Order Suggest Error in Analysis and Require a Brief Summary Of the Relevant Facts ............ 1

B. Manifest Errors of Law and Fact ............ 3

II. LEGAL STANDARDS ............ 5

A. Alteration of Judgment Pursuant to FRCP 59(e) ............ 5

B. Relief From Judgment Pursuant to FRCP 60(b)(1) and 60(b)(6) ............ 6

III. ARGUMENT ............ 7

A. The Court Did Not Hold Defendant to the Proper Burden of Proof And Improperly Relied on Physical Location Rather Than on the Materiality of the Witnesses and Ease of Transport of Documents ............ 7

1. Plaintiff's Citizenship and Choice of Forum Deserve Substantial Deference and Must Be *Weighed* In a Court's Private Interest Analysis ............ 7

2. Defendant Has the Burden of Showing, and This Court Must Evaluate, Not Only the Number of Witnesses in the Alternative Jurisdiction, But Those Witnesses' *Materiality* to the Issues Presented in the Case ............ 8

a. Tiberon's Ontario Witnesses Are Not Material Because Tiberon Argues They Will Establish a "Business Judgment" Defense When the Facts Show No Such Defense is Available ............ 10

b. In Addition to Properly Evaluate Materiality of Witnesses, the Court Failed to Consider Viable Alternatives Such as Deposition Testimony ............ 12

c. There is No Apparent Conflict Between Ontario and California Law—Under Either, Tiberon Has No "Business Judgment" Defense ............ 13

3. Defendant Has the Burden of Showing, and This Court Must Consider, Not Merely the Location of Documents, But Their Materiality and Ease of Transport ............ 15

ii

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

## TABLE OF CONTENTS CONTINUED

Page

B. As Ontario Has No Interest in This Dispute, the Court Should Have Considered the Burden of Jury Duty On Ontario Citizens ............ 17

C. This Court Erroneously Applied California's Choice of Law Principles .............................................................. 18

D. This Court Overweighed Nuiphaovica's Choice of Law Provision ......... 20

IV. CONCLUSION ..................................................................... 21

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

iii

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

# TABLE OF AUTHORITIES

Page

Cases

*American Alliance*, 1999 WL 38183, 7 .......... 12

*Arno v. Club Med, Inc.*, 22 F.3d 1464 (9th Cir. 1994) .......... 16

*Bassis v. Universal Line, S.A.* (2nd Cir. 1970) 436 F.2d 64 .......... 19

*Canadian Imperial Bank of Commerce v. Saxony Carpet Co.*, 899 F.Supp. 1248 (S.D.N.Y.1995) .......... 19

*Cheng v. Boeing Co.*, 708 F.2d 1406 (9th Cir. 1983) .......... 7

*Cochran v. NYP Holdings, Inc.*, 58 F.Supp.2d 1113 (C.D.Cal.1998) .......... 9

*Consul Ltd. v. Solide Enters. Inc.*, 802 F.2d 1143 (9th Cir.1986) .......... 16

*Cruz v. Maritime Company of the Philippines*, 702 F.2d 47 (2d Cir.1983) .......... 17

*Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845 (7th Cir. 1999) .......... 5

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002) .......... 7

*Federal National Mortgage Assn. v. Bugna*, 57 Cal.App.4th 529, (1997) .......... 20

*Gaillard v. Natomas Co.*, 208 Cal.App.3d 1250 (1989) .......... 20

*Gambra v. Int'l Lease Fin. Corp.*, 377 F.Supp.2d 810 (C.D.Cal.2005) .......... 14

*Gates Learjet Corp. v. Jensen*, 743 F.2d 1325 (9th Cir.1984) .......... 8-9

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) .......... 7, 15

*Hamid v. Price Waterhouse*, 51 F.3d 1411 (9th Cir. 1995) .......... 5

*Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119 (6th Cir. 1982) .......... 5

*In re Air Crash Over the Taiwan Straits on May 25, 2002*, 331 F.Supp.2d 1176 (C.D.Cal.2004) .......... 15

*In re Bridgestone/Firestone, Inc.*, 420 F.3d 702 (7th Cir. 2005) .......... 19

*In re Disaster at Riyadh Airport, Saudi Arabia, on Aug. 19, 1980* 540 F.Supp. 1141 (D.C.D.C., 1982) .......... 17

iv

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

**TABLE OF AUTHORITIES, CONTINUED**

Page

Cases, Continued

*Ito v. Tokio Marine & Fire Ins. Co., Ltd.* 166 Fed.Appx. 932, 934-935, 2006 WL 204412, 1 (9th Cir.2006) ........ 7-8, 14

*Kendall v. Ernest Pestana, Inc.*, 40 Cal.3d 488 (1985) ........ 20

*Manu Int'l, S.A. v. Avon Products, Inc.*, 641 F.2d 62 (2d Cir.1981) ........ 17

*Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129 (3rd Cir.1983) ........ 13

*McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412 (9th Cir.1989) ........ 16

*Mir v. Fosburg*, 646 F.2d 342 (9th Cir. 1980) ........ 5

*Miskow v. Boeing Co.*, 664 F.2d 205 (9th Cir.1981) ........ 7

*National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial*, Inc., 899 F.2d 119 (1st Cir. 1990) ........ 5

*Olympic Corp. v. Societe Generale*, 462 F.2d 376 (2d Cir. 1972) ........ 7

*Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F.Supp.2d 203 (S.D.N.Y.1998) ........ 12

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ........ 7

*Ravelo Monegro v. Rosa*, 211 F.3d 509 (9th Cir. 2000) ........ 6

*RKO Radio Pictures v. Sheridan*, 195 F.2d 167 (9th Cir. 1952) ........ 20

*S & S Mach. Corp. v. General Motors Corp.*, No. 93 Civ. 3237(CSH), 1994 WL 529867 7 (S.D.N.Y. Sept. 28, 1994) ........ 12

*State Street Capital Corp.*, 855 F.Supp. 192 (S.D.Tex. 1994) ........ 9

*Stinnes Interoil, Inc. v. Apex Oil Co.*, 604 F.Supp. 978 (S.D.N.Y.1985) ........ 15

*Sunshine Cellular v. Vanguard Cellular Sys. Inc.*, 810 F.Supp 486 (S.D.N.Y.1992) ........ 15

*Tripati v. Henman*, 845 F.2d 205 (9th Cir. 1988) ........ 5

*Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163 (9th Cir. 2006) ........ 7

*Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058 (9th Cir. 2003) ........ 5

v

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

**TABLE OF AUTHORITIES, CONTINUED**

Page

Cases, Continued

*United States v. Reagan,* 453 F.2d 165 (6th Cir.1971) ........................................ 13

*United States v. Staples*, 256 F.2d 290 (9th Cir.1958) ........................................ 13

*Washington Mutual Bank, FA v. Superior Court,* 24 Cal.4th 906 (2001) .................. 17

*Zangiacomi v. Saunders,* 714 F.Supp 658 (S.D.N.Y.1989) ................................... 17

Statutes, Rules and Other Authority

28 U.S.C. § 1781(a)(2) ........................................................................ 13

Federal Rule of Civil Procedure 6 ........................................................ 5

Federal Rule of Civil Procedure 28(b) ..................................................... 13

Federal Rule of Civil Procedure 44.1 ...................................................... 19

Federal Rule of Civil Procedure 59(e) ..................................................... 5

Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6) ..................................... 6

Wright, Miller, & Marcus, Federal Practice and Procedure (2007), § 2083 ................. 13

9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 2443 at 640 (1995) ................................................................ 19

vi

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

## I.

## INTRODUCTION AND SUMMARY OF ARGUMENT

The judgment dismissing this case for *forum non conveniens* should be vacated, and plaintiff Trevor Moss's Rule 59(e) and 60(b) motions granted, due to errors of law and fact. This Court did not hold defendant to the proper burden of proof, improperly relying on the alleged number of witnesses and the alleged location of documents in foreign jurisdictions, rather than considering the materiality of the witnesses and documents and the availability of the witnesses and documents. Further, this Court applied a choice of forum standard based upon a choice of law provision, although neither Mr. Moss nor the other party to the consulting agreement, Nui Phao Mining Joint Venture Company Ltd. ("Nuiphaovica"), had chosen Ontario as a forum. Finally, the Court erred in finding Ontario an appropriate choice of alternative forum, despite the fact that Ontario has no interest whatsoever in either the parties or their dispute.

### A. Several Incorrect Factual Statements in this Court's Order Suggest Error in Analysis and Require a Brief Summary Of the Relevant Facts

In its written opinion, this Court incorrectly states that "Moss began working for *Tiberon* on August 1, 2005, at which point he and *Tiberon* signed a consulting agreement ('the Agreement')" and that "Moss alleges that after the consulting relationship was terminated he was entitled to certain bonuses pursuant to the Agreement and that Tiberon refused to pay these bonuses." Court's Order at 2:12-14, 18-21, Ex. A to Request for Judicial Notice ("RJN"). Plaintiff Moss is *not* suing for breach of a consulting agreement with defendant Tiberon. The consulting agreement which was breached is between plaintiff Moss and Nuiphaovica, a Vietnamese mining company. Plaintiff Moss, a resident of the Northern District, is a mining engineer who was hired by Nuiphaovica to provide consulting services in connection with Nuiphaovica's development plans for the Nui Phao tungsten-fluorspar project in Vietnam.

By an agreement *separate* from the consulting agreement, an agreement drafted by plaintiff Moss's California attorney at plaintiff's request, Nuiphaovica's majority owner, defendant Tiberon, *guaranteed* Nuiphaovica's performance. Tiberon's Ontario lawyers changed the choice of law provision in the guarantee agreement from "California" to "Ontario." Although

1

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

defendant Tiberon once had an office in Toronto, Ontario, it is presently headquartered in Hanoi, Vietnam, and has no connection whatsoever to the Province of Ontario, while Nuiphaovica never had a presence in Ontario. [Declaration of James M. Hanavan ("Hanavan Decl.") at ¶¶ 12-15, exhibits attached thereto.]

Plaintiff's consulting agreement with Nuiphaovica, attached to the complaint as Exhibit "A", clearly states that the agreement is between "Nui Phao Mining Joint Venture Company Ltd. ('Nuiphaovica' or the 'Company')" and "Trevor Moss…(hereinafter called 'Moss' or the 'Consultant')". The consulting agreement provides, in language drafted by Nuiphaovica, that: "Moss shall participate in the formal bonus plan adopted by [Nuiphaovica]. The bonus to Moss is based on predetermined annual objectives mutually agreed upon each year by the parties, for the period through 2006, within eight (8) weeks after the Effective Date, and thereafter within eight (8) weeks after the start of each calendar year, and shall be set at a target of 0 to 75% of Moss's prior twelve (12) month consulting fee with a target of 40% as a bonus. Determination of whether the annual objectives have been satisfied shall be made by the Compensation Committee, to be ratified by the Board of Directors." [Ex. "A" to Complaint at ¶ 2.(b), attached as Ex. "C" to RJN.]

Plaintiff Moss and Nuiphaovica's Board Chairman agreed to the "predetermined annual objectives" for calendar year 2006. Plaintiff satisfied the objectives, requested payment from Nuiphaovica's Board Chairman, and that request was rejected. Rather than attempting to proceed directly against Nuiphaovica on the consulting agreement, plaintiff elected to sue Tiberon on Tiberon's guarantee of Nuiphaovica's payment obligation. At the time the lawsuit was filed, plaintiff's counsel was unaware that Tiberon had been sold to a company named Dragon Capital, and that all of Tiberon's stock was owned or controlled by that entity. [Hanavan Decl. at ¶¶ 2-5.]

As the guarantor of Nuiphaovica's payment obligation, Tiberon is entitled to assert any defenses available to Nuiphaovica. One such defense could be the "business judgment" rule, which insulates a board's exercise of its discretionary powers, provided that discretion was properly exercised. In its *forum non conveniens* motion, Tiberon argues that various individuals

2

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

living in Toronto and Tiberon's records will provide evidentiary support for Nuiphaovica's business judgment defense, and that for the convenience of these Toronto witnesses, the case should be in Toronto, Ontario, rather than in California.

In addition to the "business judgment" witnesses in Toronto, Tiberon argues the case should be in Toronto because the Ontario lawyers then representing Nuiphaovica and Tiberon had included an Ontario choice of law provision in the consulting agreement between plaintiff Moss and Nuiphaovica. Tiberon's motion was granted, and a judgment of dismissal was entered on December 5, 2007. [Order, Ex. "A" to RJN; Judgment, Ex. "B" to RJN.]

**B. Manifest Errors of Law and Fact**

The factual underpinnings for the decision granting Tiberon's *forum non conveniens* motion are legally insufficient, resulting in error. Although plaintiff Moss is a resident of the Northern District and a citizen of the United States, those factors were given insufficient weight, particularly in view of the woefully inadequate evidence presented by Tiberon in support of dismissal. An additional material factor is relative financial hardship, where a sole-proprietor would be required to abandon his business while seeking to obtain a judgment in a foreign country against a wholly owned subsidiary of Dragon Capital, an investment group with over two billion dollars ($2,000,000,000) in assets. [Declaration of Trevor Moss ("Moss Decl.") at ¶ 1; Hanavan Decl. at ¶ 17.]

Tiberon failed to meet its burden of presenting evidence sufficient to establish that plaintiff's choice of forum was of "such oppressiveness and vexation ... as to be out of all proportion to plaintiff's convenience," as required by the United States Supreme Court. Tiberon failed to substantiate its claim that evidence necessary for its defense could not be readily produced here, or that such evidence would be more available in Canada. Indeed, Tiberon not only failed to present evidence to support such a finding, but actually presented facts *eliminating* Nuiphaovica's purported "business judgment" defense entirely, thereby also eliminating the purported materiality of all but one Ontario-based witness.

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

This Court applied a choice of forum standard to a choice of law provision, although neither Mr. Moss nor the other party to the consulting agreement, Nuiphaovica, had selected Ontario as a forum. Since the dispute to be resolved is plaintiff's entitlement to a bonus under the terms of the consulting agreement between a resident of the Northern District and a Vietnamese mining company, the Province of Ontario has no apparent interest in the outcome. While the moving papers state that "[m]ost of Tiberon's directors and management reside in Toronto," the truth is that *none* of Tiberon's directors and management resides in Toronto or anywhere else in the Province of Ontario. Since neither party expressed any interest in an Ontario forum, and since no Ontario jury could possibly have an interest in the parties' dispute, no justification exists for imposing this dispute on the Ontario court system, other than the purported difficulty of applying Ontario contract law and the claimed convenience of Tiberon's Ontario witnesses.

In fact, however, there is no conflict between the British common law principles of contract interpretation which would be applied to this case in either California or Ontario. Further, "choice of law" considerations are a *minor* factor in the choice of forum analysis, far outweighed by the presumption that a resident plaintiff is entitled to his choice of forum. Where, as here, the inconvenience to plaintiff by the granting of the motion is significant, while that choice is neither "oppressive" nor "vexatious" from the defendant's perspective, the motion should be denied.

This Court's decision asserts, without supporting evidence, that defendant's production in San Francisco of the business records it claims are relevant is more burdensome than producing those same records in Toronto, Ontario. In fact, however, Tiberon presented no facts to support such a conclusion, which both common sense and available information suggest is inaccurate. Since Tiberon's own evidence shows that the purported "business judgment" defense is unavailable to Tiberon, and since most of the Canadian defense witnesses it has identified are under Tiberon's control or cooperating with Tiberon in any case, convenience factors do not favor trial in Ontario.

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

4

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

Not only are both plaintiff and one of his principal witnesses located in the Northern District, but discovery is readily available through this Court's procedures to obtain testimony and documents from the other percipient witnesses with knowledge of plaintiff's performance of the 2006 objectives. Those witnesses were identified in plaintiff's original opposition declaration and are, with one exception, located in Denver, Vancouver, Australia, Vietnam or Singapore.

Finally, such evidence as has been presented by Tiberon does not begin to satisfy the standard required by the Ninth Circuit Court of Appeal for the granting of a *forum non conveniens* motion. The moving papers are both inaccurate and misleading, while Tiberon's reply papers conclusively show that the only justification given by Tiberon for calling Ontario witnesses, the purported availability of a "business judgment" defense, is inapplicable on the admitted facts. The judgment should be vacated, and Tiberon's motion denied.

## II.

## LEGAL STANDARDS

### A. Alteration of Judgment Pursuant to FRCP 59(e)

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."[1] The power to "alter or amend" includes the power to vacate or set aside the judgment. *National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial*, Inc., 899 F.2d 119, 123 (1st Cir. 1990); *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Further, a motion to vacate an order of dismissal is a Rule 59(e) motion. *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1415 (9th Cir. 1995); *Mir v. Fosburg*, 646 F.2d 342, 344 (9th Cir. 1980). Finally, a motion challenging the district court's analysis of various pieces of evidence is proper under Rule 59(e). *Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir. 1988).

A party need only show "a manifest error of law or fact." *Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003); *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 848 (7th Cir. 1999). Here, there exist manifest errors of law and fact. This Court did not

[1] As the judgment here was entered on December 5, 2007, plaintiff's motion is timely. FRCP 6; Judgment, Ex. "B" to RJN.

5

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

hold defendant to the proper burden of proof, improperly relying on the alleged number of witnesses and alleged location of documents in foreign jurisdictions, rather than considering the materiality of the witnesses and documents and the availability of the witnesses and documents. Further, this Court applied a choice of forum standard based upon a choice of law provision, although neither Mr. Moss nor the other party to the consulting agreement, Nuiphaovica, had chosen Ontario as a forum.

**B. Relief From Judgment Pursuant to FRCP 60(b)(1) and 60(b)(6)**

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; … (6) any other reason that justifies relief." As detailed in the accompanying declaration of James M. Hanavan, plaintiff's counsel became aware that a key document—the Pre-Acquisition Agreement executed by defendant Tiberon— apparently negated the alleged relevance of defendant's proposed Ontario witnesses in its *forum non conveniens* analysis. The apparent existence of this document came to counsel's attention only days before the opposition was due, and its authenticity could not be proven at that time. Although plaintiff propounded discovery directed to the only argument presented by Tiberon as to the relevancy of witnesses and documents located in Ontario, the Court granted defendant's motion before the discovery responses were due. [Hanavan Decl. at ¶¶ 2-12.]

In addition, for the first time in its reply papers, defendant cited Canadian law purporting to establish a defense that would be supported by Canadian witnesses and documents. Further, for the first time in its reply papers, defendant presented a supporting witness declaration directed to the same defense. While the declaration established that the purported defense was not, in fact, available to defendant, plaintiff was unable to address the lack of relevance of Canadian witnesses established by this witness declaration as it was first presented with the reply papers. [Hanavan Decl. at ¶¶ 9-10.] Accordingly, for good cause plaintiff requests relief from the judgment of dismissal.

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

6

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

## III.

## ARGUMENT

### A. The Court Did Not Hold Defendant to the Proper Burden of Proof And Improperly Relied on Physical Location Rather Than on the Materiality of the Witnesses and Ease of Transport of Documents

#### 1. Plaintiff's Citizenship and Choice of Forum Deserve Substantial Deference and Must Be *Weighed* In a Court's Private Interest Analysis

The Ninth Circuit recently cautioned that "*forum non conveniens* is an exceptional tool to be employed sparingly." *Ravelo Monegro v. Rosa,* 211 F.3d 509, 514 (9th Cir. 2000). The Ninth Circuit has repeatedly recognized the substantial weight to be afforded to a plaintiff's choice of forum in ruling on a defendant's *forum non conveniens* motion. *See, e.g., Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1177-78 (9th Cir. 2006); *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1118 (9th Cir. 2002). Although a plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him the expense or trouble not necessary to his own right to pursue his remedy, the plaintiff's choice of forum should not be disturbed unless the balance of factors weighs *strongly* in favor of the defendant. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947).

In *Cheng v. Boeing Co.*, 708 F.2d 1406 (9th Cir. 1983), the Ninth Circuit held that "the standard to be applied [to a motion for dismissal on the ground of *forum non conveniens*] is whether ... defendants have made a clear showing of facts which ... establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent...." *Id.* at 1410. The balance in a defendant's favor "must be even stronger where, as here, the plaintiff is an American citizen and the alternative forum is a foreign one." *Olympic Corp. v. Societe Generale,* 462 F.2d 376, 378 (2d Cir. 1972). In reversing the trial court because it had assumed "that the movant's assertions establish[ed] inconvenience," the Ninth Circuit recently noted that "the party moving to dismiss for *forum non conveniens,* bore the burden of making a 'clear showing' of facts that either '(1) establish such oppression and vexation of a defendant as to be out of proportion to the plaintiff's convenience, which may be

shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems.' *Miskow v. Boeing Co.*, 664 F.2d 205, 208 (9th Cir.1981) (internal quotation marks omitted)." *Ito v. Tokio Marine & Fire Ins. Co., Ltd.* 166 Fed.Appx. 932, 934-935, 2006 WL 204412, 1 (9th Cir.2006).

As was the case with the trial court in the *Ito* decision, this Court "[c]ontrary to established Supreme Court authority …failed to give any deference to [plaintiff's] United States citizenship and choice of home forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) ('[A] plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum.'). Although the district court acknowledged that courts give substantial deference to a plaintiff's choice of forum, and included residence of the parties in its enumeration of private interest factors, it did not actually weigh [plaintiff's] citizenship and choice of forum in its private interest analysis, focusing instead on [defendant's] bare allegations of numerous [foreign] witnesses and documents."

Here, the Court did not sufficiently weigh the citizenship and residence of plaintiff, a United States citizen living in the Northern District, particularly in view of the weak evidence offered by Tiberon as discussed below.

**2. <u>Defendant Has the Burden of Showing, and This Court Must Evaluate, Not Only the Number of Witnesses in the Alternative Jurisdiction, But Those Witnesses' *Materiality* to the Issues Presented in the Case</u>**

In *Ito*, the Ninth Circuit held that the trial court had acted improperly because "[t]he court improperly relied on the number of witnesses located in [the foreign jurisdiction] rather than assessing the materiality of their proposed testimony to the allegations in the complaint. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir.1984) (reversing the district court's *forum non conveniens* dismissal in part because the district court 'should have examined the materiality and importance of the anticipated witnesses' testimony and then determined their accessibility and convenience to the forum,' rather than simply noting that 23 of the 44 witnesses were located in the alternative forum). In doing so, the court incorrectly failed to hold

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

8

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

[defendant] to its burden of proof. In fact, [defendant] did not meet its burden because it failed to provide information about its proposed witnesses that would be sufficient to support a determination that the location of witnesses in [the foreign jurisdiction] favors dismissal. The district court improperly assumed that [defendant's] witnesses are material to the litigation." *Ito v. Tokio Marine & Fire Ins. Co., Ltd.* 166 Fed.Appx. 932, 934-935, 2006 WL 204412, 1 (9th Cir.2006).

In the present case, this Court focused on the number of claimed Ontario witnesses, rather than on the materiality of their proposed testimony. In determining whether witness convenience weighs in favor of transfer, the court must consider not simply how many witnesses each side has and the location of each, but, rather, the court must consider the importance of the witnesses. *State Street Capital Corp.,* 855 F.Supp. 192, 198 (S.D.Tex. 1994); *see also Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1335-36 (9th Cir. 1984) (*forum non conveniens* case, concluding that "the district court improperly focused on the number of witnesses in each location" and should have instead "examined the materiality and importance of the anticipated witnesses' testimony and then determined their accessibility and convenience to the forum").

In *Cochran v. NYP Holdings, Inc.,* 58 F.Supp.2d 1113 (C.D.Cal.1998), defendants "broadly state[d] that 'most of the relevant witnesses that would be called upon to provide testimonial evidence and any documentary evidence'" were located in New York, and the witnesses were only generally identified as employees of the defendant corporation. *Id.* at 1119-20. The district court explained that "[t]his description utterly fails the particularity requirement set forth in *Commodity Futures Trading Comm'n [v. Savage],* 611 F.2d [270] at 279 [(9th Cir. 1979)]." *Cochran,* 58 F.Supp.2d at 1120. In *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325 (9th Cir. 1984), the Ninth Circuit reversed a *forum non conveniens* dismissal because, *inter alia,* the "district court improperly focused on the number of witnesses in each location" rather than "examin[ing] the materiality and importance of the anticipated witnesses' testimony and then determin[ing] their accessibility and convenience to the forum."

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

9

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

Here, this Court relied on Tiberon's simple identification of some witnesses by name and an estimated number of potential witnesses by location. This Court did not evaluate the materiality of their proposed testimony, but apparently accepted defendant's contention that Tiberon's former employees were material to establishing Nuiphaovica's "business judgment" defense. However, as discussed in the section below, on the indisputable facts no such defense is available to Tiberon. Accordingly, the Ontario-based witnesses are not material and Tiberon failed to meet its burden under *Gates Learjet*.

**a. Tiberon's Ontario Witnesses Are Not Material Because Tiberon Argues They Will Establish a "Business Judgment" Defense When the Facts Show No Such Defense is Available**

In a footnote to its reply papers, Tiberon cites an Ontario case to support its argument that the "business judgment rule" would apply to Mr. Moss's claim, and would be a complete defense to those claims under Ontario law. The argument and Declarations of Mario Caron and Steven Cresswell filed in support of Tiberon's motion are intended to show that "business judgment" was properly exercised in making the decision that Trevor Moss was not entitled to a bonus under the terms of his consulting agreement with Nuiphaovica. In fact, however, the Cresswell Declaration filed with Tiberon's reply brief establishes that the "business judgment rule" has no application to the present dispute, and the evidence purporting to establish this defense must be disregarded as irrelevant in ruling on Tiberon's motion to dismiss for *forum non conveniens*. As the defense is not available on the facts within the judicial notice of this Court, Tiberon failed to show that the Ontario witnesses have testimony relevant to plaintiff's performance of the 2006 objectives.

The following facts are established by records within the judicial notice of this Court, or by the evidence presented by Tiberon: [1] a Vietnamese entity, Dragon Capital, through a nominee, acquired ownership of Tiberon *before* any consideration was given to paying Mr. Moss his bonus; [2] effective control of Tiberon had been transferred to Dragon Capital *before* any consideration was given to paying Mr. Moss his bonus; [3] Tiberon and, through Tiberon's control, Nuiphaovica, had agreed not to award a bonus to plaintiff; and [4] Nuiphaovica's board

10

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

never considered awarding any bonus, because the issue was never presented to its board. . [Hanavan Decl. at ¶¶ 7-19, exhibits attached thereto; Moss Decl. at ¶¶ 6-9.]

The Declaration of Steven J. Cresswell, filed with Tiberon's reply papers, clearly establishes that the requirements of the consulting agreement were disregarded, and that the board of Nuiphaovica, the company charged with determining the Moss bonus, played no role in evaluating his performance of the 2006 objectives. Although the consulting agreement drafted by Nuiphaovica provides that plaintiff is to be included in Nuiphaovica's bonus plan, and his performance for bonus determination purposes evaluated by Nuiphaovica, Tiberon claims a decision was considered only by Tiberon, apparently under the watchful eyes of Dragon Capital. Mr. Cresswell states that Dragon Capital's principal, one "John Shrimpton," was a "guest" at the February 15, 2007, meeting, at which the Moss 2006 bonus was allegedly to be considered. [Cresswell Decl. at ¶ 2.]

Tiberon government filings in Canada, of which this Court may take judicial notice, establish that the Ontario "witnesses" listed by Mr. Caron sold all of their holdings in Tiberon to Dragon Capital in December of 2006, and at that time relinquished to Dragon Capital any authority either Tiberon or Nuiphaovica might have otherwise had to play any role in the determination of Mr. Moss's bonus. At the same time Tiberon's officers and directors sold and transferred all of their ownership interests to Dragon Capital, they also *expressly* agreed that neither Tiberon nor Nuiphaovica would pay any bonuses to former officers, consultants or agents of either. [Hanavan Decl. at ¶¶ 7-19, exhibits attached thereto.]

Mr. Moss's consulting agreement with Nuiphaovica, a company in which Tiberon owns a 70% interest, was terminated effective August 31, 2006, and he wrote a letter to Nuiphaovica's Chairman Mario Caron inquiring about his bonus payment on December 19, 2006. Unbeknownst to Mr. Moss, Tiberon's former board members, for themselves and on behalf of Nuiphaovica, had agreed on December 18, 2006, that neither Tiberon nor Nuiphaovica would "…take any action other than in the ordinary, regular and usual course of business and consistent with past practice (none of which actions shall be unreasonable or unusual) … with respect to the grant of any

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

11

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

bonuses… payable to … officers … consultants or agents of [Tiberon or Nuiphaovica] otherwise than pursuant to agreements … or arrangements in effect … on the date hereof …" [Hanavan Decl. at ¶ 7, exhibit thereto.]

According to Tiberon's government filings, Mr. Caron and Tiberon's other former officers and directors sold and transferred all of their interests in Tiberon to Dragon Capital at the same time, realizing a substantial profit over the value of those interests at the time Mr. Moss began his consulting services. Accordingly, those "witnesses" identified by Mr. Caron, including Mr. Caron himself, had contracted away their ability to award Mr. Moss the bonus he had earned in 2006 and had simultaneously cashed out their respective interests in Tiberon. Although plaintiff Moss had received Tiberon stock options as part of his compensation package, he was required to exercise those options before December of 2006, and was unaware of the Dragon Capital/Tiberon activities. [Hanavan Decl. at ¶¶ 7-19, exhibits attached thereto; Moss Decl. at ¶¶ 10, 13.]

In "examin[ing] the materiality and importance of the anticipated witnesses'" testimony, as required by the Ninth Circuit's decision in *Gates Learjet*, this Court must recognize that Tiberon has no "business judgment" defense under either Ontario or California law, so Tiberon failed to meet its burden of showing the relevance of any Ontario witness other than Mario Caron.

**b. <u>In Addition to Properly Evaluate Materiality of Witnesses, the Court Failed to Consider Viable Alternatives Such as Deposition Testimony</u>**

As set forth in the accompanying declaration of Trevor Moss, the sole Vancouver witness, Matt Bolu, and the other defense witnesses formerly employed by Tiberon remain associated with Tiberon, and none has indicated an unwillingness to appear in San Francisco. [Moss Decl. at ¶ 16.] Further, even were Tiberon's witnesses to decline to testify, deposition testimony is a viable alternative. *See Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F.Supp.2d 203, 209 (S.D.N.Y.1998) (holding that transfer is unwarranted where deposition testimony is "an available alternative to live testimony"); *American Alliance*, 1999 WL 38183, 7 (finding that "because [defendant] has not shown why deposition testimony would be inadequate in this case, [the unavailability of process to compel unwilling witnesses] carries less weight"); *cf. S & S Mach.*

12

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

*Corp. v. General Motors Corp.*, No. 93 Civ. 3237(CSH), 1994 WL 529867 7 (S.D.N.Y. Sept. 28, 1994) ("Where ordinary discovery can provide counsel with sufficient information, the inconvenience caused by plaintiff's choice of forum is substantially less." ).

Discovery procedures adequate to protect Tiberon are clearly available. Federal Rule of Civil Procedure 28(b) stipulates that a deposition may be taken in a foreign country "(2) pursuant to a letter of request (whether or not captioned a letter rogatory)." Fed. R. Civ. Pro. 28(b). The Canada Evidence Act also specifically provides that a court outside of Canada may serve letters rogatory upon a Canadian court. R.S.C.1985, c. C-5, s. 46.

A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129 (3rd Cir.1983); Wright, Miller, & Marcus, Federal Practice and Procedure (2007), § 2083. A letter rogatory can also include requests for the production of documents. *See United States v. Reagan*, 453 F.2d 165, 168 (6th Cir.1971) (affirming district court's issuance of letters rogatory seeking documents from investigation conducted by German authorities). A court is inherently vested with the authority to issue letters rogatory. *See United States v. Staples*, 256 F.2d 290, 292 (9th Cir.1958); *Reagan*, 453 F.2d at 172. 28 U.S.C. § 1781 also implicitly provides federal courts with authority to issue letters rogatory. 28 U.S.C. § 1781(a)(2).

**c. There is No Apparent Conflict Between Ontario and California Law—Under Either, Tiberon Has No "Business Judgment" Defense**

The following determinative facts are established by the evidence before this Court and directly bear on the relevance of the purported "business judgment' defense claimed by Tiberon: [1] contrary to the terms of the consulting agreement prepared by Nuiphaovica, only Tiberon, and *not* Nuiphaovica, held meetings to consider the Trevor Moss bonus; [2] Tiberon's management had sold any ownership it held in Tiberon to Dragon Capital before any meetings were held to consider the Trevor Moss bonus; [3] Tiberon's management had agreed, both for itself and on

13

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

behalf of Nuiphaovica in which it owned a 70% interest, not to approve any bonus for Moss; and

[4] the "committee" purportedly considering the Moss bonus issue did not include anyone from

Nuiphaovica's board, but had as a "guest" Dragon Capital's founder." [Hanavan Decl. at ¶¶ 9-19,

exhibits attached thereto; Moss Decl. at ¶¶ 6-9.]

Federal Rule of Civil Procedure 44.1 provides that "[a] party who intends to raise an issue

concerning the law of a foreign country shall give notice by pleadings or other reasonable written

notice." The purpose of the rule is "to avoid unfair surprise either to the opposing party or to the

court." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 2443 at 640

(1995). It is typically sufficient for a party to give notice in their motion papers. *See Canadian

Imperial Bank of Commerce v. Saxony Carpet Co.,* 899 F.Supp. 1248, 1253 (S.D.N.Y.1995)

Under Rule 44.1, a court's determination of foreign law is treated as a ruling on a *question

of law* rather than a question of fact, and issues of foreign law may be "judicially noticed" even if

they are subject to dispute. See, e.g., *Bassis v. Universal Line, S.A.* (2nd Cir. 1970) 436 F.2d 64,

68. Courts may take judicial notice of the existence of a foreign court's rulings as part of *forum

non conveniens* analysis. See, e.g., *In re Bridgestone/Firestone, Inc.* (7th Cir. 2005) 420 F.3d

702, 705–706. The accompanying Declaration of William G. Horton, and the Ontario authorities

attached thereto, establishes that under Ontario law: [1] any contractual ambiguities are

interpreted against the party responsible for drafting the ambiguous language, [2] a contracting

party's discretionary authority must be exercised in good faith; and [3] a contracting party's

discretionary authority cannot be delegated to a third party. [Declaration of William G. Horton at

¶¶ 12-14, exhibits thereto.]

Accordingly, regardless of whether Ontario or California common law is applied to the

known facts, *no "business judgment" defense is available to Tiberon,* since Nuiphaovica, not

Tiberon, had discretionary authority under the consulting agreement, or to Nuiphaovica, since it

did not exercise any discretionary authority under the consulting agreement and Tiberon, its

majority owner, had expressly promised to take no action "with respect to the grant of any

bonuses… payable to … officers … consultants or agents of [Tiberon or Nuiphaovica] otherwise

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

14

Plaintiff's Brief in Support of Motion to Alter
Judgment and Motion for Relief from Judgment
Dismissing for *Forum Non-Conveniens*

than pursuant to agreements … or arrangements in effect … on" December 18, 2006, a date nearly four months after Mr. Moss's Consulting Agreement had ended. There being no "business judgment" issue requiring any testimony from former Tiberon board members, the location of those board members is simply irrelevant to the "convenience of witnesses" analysis. *Gates Learjet Corp., supra* at 1335-36.

While common sense would lead one to anticipate any jurisdiction's common law would preclude a "business judgment" defense on these facts, there is no question that common sense is apparent in the law of both Ontario and California. As set forth in the accompanying declaration of William G. Horton, "Canada has two legal traditions, the civil law tradition of codified law in the Province of Québec, and the common law tradition of judge-made law in the other provinces of Canada. The common law system of justice, similar to that in the United States, relies on precedents based on court interpretations of laws over the years." [Horton Decl. at ¶¶ 7-12.]

Both California and Ontario rely on the common law tradition of judge-made law. Both jurisdictions interpret any ambiguities in contractual language against the party responsible for creating the ambiguity. See, e.g., *Federal National Mortgage Assn. v. Bugna* (1997) 57 Cal.App.4th 529, 535; *RKO Radio Pictures v. Sheridan* 195 F.2d 167, 169 (C.A.9 1952) (applying California law). Both jurisdictions recognize a contracting party's discretionary power must be exercised in good faith. See, e.g., *Kendall v. Ernest Pestana, Inc.* (1985) 40 Cal.3d 488, 500. Both jurisdictions recognize that a contracting party's discretionary power cannot be delegated to a person or entity without authority under the contract. See, e g., *Gaillard v. Natomas Co.* (1989) 208 Cal.App.3d 1250, 1264-1265. All of these legal principles are applicable to the present case, and establish that neither Tiberon nor Nuiphaovica has a "business judgment" defense to Trevor Moss's bonus claim.

**3. <u>Defendant Has the Burden of Showing, and This Court Must Consider, Not Merely the Location of Documents, But Their Materiality and Ease of Transport</u>**

With respect to document availability, the Ninth Circuit in the *Ito* case held that "[t]he district court committed the same error [as it did with witnesses] by concluding that because the

15

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

bulk of [defendant's] documents referenced in its papers were located in [the foreign jurisdiction] and written in [the foreign jurisdiction's language], it would be more convenient to try the case there. Again, [defendant] failed to provide specific information about the relevance and materiality of those documents, and therefore failed to meet its required burden." *Ito v. Tokio Marine & Fire Ins. Co., Ltd.* 166 Fed.Appx. 932, 934-935, 2006 WL 204412, 1 (9th Cir.2006).

In the present case, Tiberon has failed to present sufficient facts to support the claim that its business records are voluminous, difficult to transport or even relevant. While this Court's decision asserts with respect to Tiberon's records that "[g]iven the complications of international travel today,…it is hard to believe that travel between British Columbia and San Francisco is actually more convenient than travel between British Columbia and Ontario," the reality is that with facsimile transmittal, and the ability to scan and e-mail documents in a matter of minutes, this is hardly a burden justifying dismissal of the case. The clear reality is that the documents may be easily transmitted from their present location to San Francisco, regardless of whether their present location is Vancouver or Hanoi.

Tiberon's moving and reply papers say nothing about the volume of its purportedly relevant business records, and negate the relevance of the records described. In its filings, Tiberon has claimed that its business records are located in Vancouver, British Columbia, and Hanoi, Vietnam, while "historical records" are in Toronto. Again with no attempt to adequately address content or relevancy, Tiberon offers a declaration from an employee located in Vietnam, Steven J. Cresswell, stating that certain unidentified "historical records" of Tiberon are located in Toronto, and that Mr. Cresswell has reviewed corporate documents showing *Tiberon's* "compensation committee" met on February 15th, 2007, with, John Shrimpton, Dragon Capital's founder, to "consider" the Trevor Moss bonus.

In the present case, Tiberon offered no evidence whatsoever regarding the approximate number of relevant documents that are located in Toronto, Vancouver or Vietnam. Compare *Gambra v. Int'l Lease Fin. Corp.*, 377 F.Supp.2d 810, 819 (C.D.Cal.2005) (finding a foreign forum more convenient because "a large volume of evidence [was] either located in France now

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

16

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

or can be made available there by agreement," including evidence regarding aircraft design, manufacture, assembly, testing, certification, and customer support services, while the evidence located in California was "minimal and easily transportable to France," as it consisted of only 600-700 pages of documents regarding the aircraft); *In re Air Crash Over the Taiwan Straits on May 25, 2002,* 331 F.Supp.2d 1176, 1194-97 (C.D.Cal.2004) (finding that the "ease of access to evidence" factor militated in favor of dismissal where the physical evidence related to an airplane crash and accident investigation was located in Taiwan, and the parties agreed that most of the documents needed to prove damages, which were "substantial" in volume, were also located in Taiwan). .) Tiberon has neither specified the nature and volume of the documents in question nor provided any evidence suggesting that the records are particularly bulky or difficult to transport.

Tiberon has completely failed to meet its burden of showing that the production of documents in this forum would be unduly burdensome or burdensome at all. *See Sunshine Cellular v. Vanguard Cellular Sys. Inc.,* 810 F.Supp 486, 500 (S.D.N.Y.1992) ("Access to documents and other proof is not a persuasive factor in favor of transfer without proof that documents are particularly bulky or difficult to transport") (citations omitted); *Stinnes Interoil, Inc. v. Apex Oil Co.,* 604 F.Supp. 978, 983 (S.D.N.Y.1985) ("Nor is access to documents and other proof a particularly persuasive factor in favor of transfer. [Movant] has not shown that its documents and other proof are particularly bulky or difficult to transport"). Accordingly, Tiberon failed to meet its burden of showing that the "convenience of documents" factor weighs in favor of dismissal, and plaintiff's motions to vacate the judgment and for relief from judgment should be granted.

**B. <u>As Ontario Has No Interest in This Dispute, the Court Should Have Considered the Burden of Jury Duty On Ontario Citizens</u>**

"Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gilbert, supra* 330 U.S. at 508. According to its public record filings in Canada, Tiberon was incorporated in Calgary, Alberta, and incorporated federally under the Canada Business Corporations Act ("CBCA"). Tiberon was thereafter discontinued and "exported" from the CBCA to British Columbia, where it was amalgamated

with the Dragon-formed company that originally acquired the Tiberon shares, TML Acquisition Ltd., on September 1, 2007. Tiberon has a registered office at 1200 Waterfront Centre, 200 Burrard St., in Vancouver, British Columbia, which is the law office of Borden Ladner Gervais, according to that firm's web site. [Hanavan Decl. at ¶¶ 12, 15, exhibits attached thereto.]

The three Tiberon directors listed in Tiberon's government filings are: John Shrimpton and David Woodhouse, both with a Ho Chi Minh City address, and Loren Komperdo, who is located in Calgary, Alberta. It is apparent that any and all Tiberon connections with Ontario had ended *before* Tiberon filed its *forum non conveniens* motion, and its only present connections to Canada are one director in Calgary, Alberta, and an address at a British Columbia law office. [Hanavan Decl. at ¶¶ 9-19, exhibits attached thereto.] Ontario has no connection to this compensation dispute between a California resident and a Vietnamese mining company, over a contractual obligation guaranteed by a second company headquartered in Vietnam.

While the lack of an Ontario connection is relevant to enforcement of the parties' choice of law provision under California law, it is also a significant factor in balancing the public interest factors in considering a *forum con conveniens* motion. It is apparent that Ontario has no interest in the parties or the dispute. It places an unjustified burden on Ontario courts and Ontario's citizens to require that a case be moved to that jurisdiction in the present circumstances.

**C. <u>This Court Erroneously Applied California's Choice of Law Principles</u>**

As this Court recognized, California employs the "government interest" test, which requires that the trial court "first consider whether the two [forums]' laws actually differ; if so, [it] must examine each [forum]'s interest in applying its law to determine whether there is a 'true conflict'; and if each [forum] has a legitimate interest [the court] must compare the impairment to each jurisdiction under the other's rule of law." *Arno v. Club Med, Inc.,* 22 F.3d 1464, 1467 (9th Cir. 1994); (citing *McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412, 1422 (9th Cir.1989)). As explained in the accompanying declaration of William G Horton, however, it is apparent that there is no difference between the common law contract interpretation principles applicable to

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

this case regardless of whether Ontario or California law is applied. [Declaration of William G. Horton at ¶¶ 12-14, exhibits thereto.]

Citing *Consul Ltd. v. Solide Enters. Inc.*, 802 F.2d 1143, 1146 (9th Cir.1986), this Court correctly noted in its dismissal order that “California will honor the parties’ choice of law unless…the chosen state has no substantial relation to the parties or the transaction.” While the statement is certainly accurate, it does not address the complete failure of the moving papers to address the question of whether the choice between Ontario and California matters. In the present case, it clearly does not, since the only legal issue suggested by Tiberon’s motion is the availability of the “business judgment” rule as a defense, while the evidence establishes that defense is clearly unavailable to Tiberon regardless of which jurisdiction’s law is applied.

Accordingly, Tiberon has failed to make the required threshold showing that the two forums’ laws differ. See *Washington Mutual Bank, FA v. Superior Court*, 24 Cal.4th 906, 919-20, 103 Cal.Rptr.2d 320, 15 P.3d 1071 (2001) (“Under the first step of the governmental interest approach, the foreign law proponent must identify the applicable rule of law in each potentially concerned state and must show it materially differs from the law of California.... [I]f the relevant laws of each state are identical, there is no problem and the trial court may [apply] California law ...”).

Further, the question of whether the choice of Ontario law provision in the consulting agreement should be enforced was not adequately addressed, perhaps because this Court mistakenly believed that the consulting agreement was between plaintiff and Tiberon rather than between plaintiff and Nuiphaovica. The dispute is over a consulting agreement between a resident of the Northern District and a Vietnamese mining company. The performance of the Vietnamese mining company has been guaranteed by Tiberon, a second company headquartered in Vietnam.

The Ninth Circuit has recognized that California will not enforce the parties’ choice of law provision where the jurisdiction whose law was proposed “has no substantial relation to the parties or the transaction.” *Consul Ltd., supra* at 1146. As discussed in an earlier section of the

19

Plaintiff’s Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

brief, Ontario has no connection to the parties to the consulting agreement or to the dispute on which plaintiff's claim is based. The party guaranteeing performance of the consulting agreement once had an office in Toronto, Ontario, but closed that office, left Ontario and relocated to Vietnam before this *forum non conveniens* motion was filed.

It does not appear that any substantive difference exists between Ontario and California law as it applies to this case. Further, it is apparent that any significant connection between this case and Ontario is completely absent. In the circumstances, where an Ontario forum was not selected by the parties, the Ontario choice of law provision should be disregarded, rather than given determinative weight as it was by this Court.

**D. <u>This Court Overweighed Nuiphaovica's Choice of Law Provision</u>**

Where, as here, the proceedings do not involve complex issues of another forum's law this factor is "accorded little weight". *See Zangiacomi v. Saunders,* 714 F.Supp 658, 661 (S.D.N.Y.1989) ("This preference is only one of many factors and 'is accorded little weight on a motion to transfer, especially when no complex issues of foreign law are at stake'") (citations omitted). "Despite the possibility that foreign law may apply to these cases, the court does not consider the burden or applying foreign law to be very significant; 'Federal courts are experienced in applying foreign law and should not be reluctant to do so.' Note, Forum Non Conveniens And Foreign Plaintiffs In The Federal Courts, 69 Geo.L.J. 1257, 1268 (1981)." *In re Disaster at Riyadh Airport, Saudi Arabia, on Aug. 19, 1980* 540 F.Supp. 1141, 1153 - 1154 (D.C.D.C., 1982). "We must guard against an excessive reluctance to undertake the task of deciding foreign law, a chore federal courts must often perform." *Manu Int'l, S.A. v. Avon Products, Inc.,* 641 F.2d 62, 67-68 (2d Cir.1981); *Cruz v. Maritime Company of the Philippines,* 702 F.2d 47, 48 (2d Cir.1983).

The present case requires application of standard rules of contract interpretation, and the same rules apply in both California and Ontario. At the present time, Tiberon has no connection whatsoever with Ontario and no issue has been presented or suggested requiring interpretation of Tiberon's guarantee, which was actually drafted by plaintiff's California attorney and originally

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

20

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

called for interpretation under California law. The guarantee originally had a California choice of law provision, which the Ontario attorneys replaced with an Ontario choice of law provision.

It is simply inappropriate to treat a choice of law provision as if it were a decision by one or both of the parties to the consulting agreement to require any dispute to be resolved in Ontario, particularly where, as here, Ontario has no interest in the parties to the consulting Agreement, no interest in the parties' dispute, no evidentiary nexus to the performance issue presented and no material difference in applicable law from that applicable to a California contract dispute.

**III.**

**CONCLUSION**

Dismissal would result in a severe economic hardship to Trevor Moss, a sole-proprietor without employees or assistants to keep his business operating while he is pursuing his compensation claim in Ontario. As Mr. Moss is a United States citizen and a resident of the Northern District, his choice of forum should not be disturbed unless the balance of factors weighs strongly in favor of the defendant, to such an extent that the present choice is found to vex, harass and oppress Tiberon. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). To successfully obtain a dismissal under this procedure, which the Ninth Circuit has described as "an exceptional tool to be employed sparingly," Tiberon is required to present evidence establishing that documents located in the alternative forum are "particularly bulky or difficult to transport," as well as that "the materiality and importance of the anticipated witnesses' testimony" require trial in Ontario.

In fact, Tiberon has presented no such evidence with respect to its documents, and has conclusively shown that the Ontario witnesses, with the exception of defendant's cooperating witness Mario Caron, are irrelevant. Other than with respect to the nonexistent "business judgment" defense and Mr. Caron, Tiberon has identified potential witnesses by *location*, without explaining the materiality of their testimony.

While the "choice of law" factor is "accorded little weight" because this case does not involve complex issues of another forum's law, it is apparent that there is no material difference

21

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

between the substantive law of Ontario and California applicable to this case. It is readily apparent that the law of either jurisdiction establishes that Tiberon does not have a "business judgment" defense based upon the indisputable facts. With the exception of Mario Caron, the Ontario witnesses are, therefore, irrelevant to the consulting agreement performance issue presented.

In his original declaration filed with this Court, Trevor Moss identified each percipient witness by name, location and involvement in the project so that their relevance was established. Two of those witnesses reside in the Northern District and, other than Mario Caron, those witnesses are all physically closer to San Francisco than to Ontario. More importantly, discovery procedures adequate to protect both parties are clearly available in this Court, and irrefutable evidence establishes that Ontario has no connection to the parties or their dispute.

The judgment should be vacated, and a new order entered denying Tiberon's motion for *forum non conveniens*.

Dated: December 19, 2007

CRAIGIE, McCARTHY & CLOW

*/s/ James M. Hanavan*

By: James M. Hanavan
Attorneys for Plaintiff Trevor Moss

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

22

Plaintiff's Brief in Support of Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*