James M. Hanavan, State Bar No. 66097
Kristen E. Drake, State Bar No. 202827
CRAIGIE, McCARTHY & CLOW
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 732-7788
Facsimile: (415) 732-7783

Attorneys for Plaintiff Trevor Moss

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TREVOR MOSS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TIBERON MINERALS LTD.,<br><br>　　　　Defendant. | Case No.: C 07-2732- SC<br><br>**DECLARATION OF WILLIAM G. HORTON IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER JUDGMENT PURSUANT TO FRCP 59(e) AND MOTION FOR RELIEF FROM JUDGMENT DISMISSING FOR *FORUM NON- CONVENIENS* PURSUANT TO FRCP 60(b)**<br><br>Hearing Date:　January 25, 2008<br>Time:　10:00 a.m.<br>Location:　Courtroom 1, 17th Floor<br>Judge:　Hon. Samuel Conti |

///
///
///
///
///
///
///
///

Declaration of William G. Horton in Support of Motion to Alter Judgment and Motion for Relief from Dismissal for *Forum Non-Conveniens*

I, William G. Horton, declare:

1. I was called to the Bar in Ontario, Canada in 1976 and have been practicing in the courts of that province continuously since that time. Ontario has a "fused bar" in which all lawyers are qualified as both barristers and solicitors. At one time, I was also called to the Bar in the provinces of Alberta and New Brunswick, although those calls are not current at this time.

2. I received a Bachelor of Laws, with First Class Honours, from Osgoode Hall Law School in 1974, having previously received a Bachelor of Arts from Victoria College, University of Toronto in 1971.

3. During and after my professional studies I was employed by McMillan Binch (articling student and associate 1974-1978). I then joined Laskin, Jack, Horton & Harris as a partner from 1978 to 1982, rejoining the McMillan firm as a partner, where I remained until 2000. I then joined Blake, Cassels & Graydon LLP as a partner until 2006. I served terms as head of litigation at McMillan Binch and Blake, Cassels & Graydon LLP.

4. I currently practice as an independent counsel in Toronto, Ontario. About 50% of my time is spent representing clients in litigation and arbitration cases, which I do collaboratively with selected law firms as co-counsel. The other 50% is spent acting as an arbitrator or mediator in commercial cases.

5. I have appeared before all levels of Canadian courts, up to and including the Supreme Court of Canada. I have represented clients in cases involving business and corporate disputes, fraud, lender liability, international banking disputes, litigation arising from major insolvencies and reorganizations, fiduciary duty and good faith obligations, directors and officers liability, professional liability, insurance and reinsurance disputes, competition offences, defamation, shareholder disputes, class action and injunctive remedies. A large proportion of my cases over the years have involved the interpretation and enforcement of contracts.

6. My practice is more fully described at www.wghlaw.com.

7. Canada is a parliamentary democracy based historically on the British form of government. The Canadian constitution establishes two levels of government: a federal

1

1  government with a Parliament as the legislative body and 10 provinces with provincial
2  Legislatures. Areas of federal and provincial jurisdiction are prescribed by The Constitution Act,
3  1982 which replaced the British North America Act of 1867. The provinces have authority over
4  property and civil rights and the administration of justice in the province.

5        8.    Similar to the United States system of states, each Canadian province has its own
6  elected Premier (similar to a state's governor), provincial Cabinet Ministers, a Legislative
7  Assembly (i.e., lawmakers), political parties and court system. For historical reasons, Canada has
8  two legal traditions, the civil law tradition of codified law in the Province of Québec, and the
9  common law tradition of judge-made law in the other provinces of Canada. The common law
10 system of justice, similar to that in the United States, relies on precedents based on court
11 interpretations of laws over the years.

12       9.    Canada's court system is shaped like a pyramid. At the top, the Supreme Court of
13 Canada is the ultimate court of appeal and has the final word on the interpretation of the laws of
14 the country at both the federal and provincial levels. The Supreme Court of Canada can declare
15 all or part of a law invalid. All lower courts in the land are required to follow its interpretations
16 when dealing with similar matters, and only an Act of Parliament or a legislature, acting within
17 their respective areas of constitutional authority, can change the effect of the top court's
18 interpretation.

19       10.    Below the Supreme Court of Canada are the Courts of Appeal of each province,
20 and decisions of a province's appellate court are binding on the lower courts in that province. In
21 other provinces, some courts will seriously consider decisions of another province's appeal
22 decisions, but there is no requirement to follow them until their own provincial appeal court
23 agrees. Below each province's appeal courts are trial and specialty courts, where most civil and
24 criminal matters are decided.

25       11.    There is also a Federal Court system in Canada. However, unlike the Federal
26 Court system in the United States the jurisdiction of the Federal Courts in Canada is limited to
27 disputes relating to certain federal statutes and to disputes with the federal government and its
28

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

2

Declaration of William G. Horton in Support of
Motion to Alter Judgment and Motion for Relief
from Dismissal for *Forum Non-Conveniens*

1  agencies.

2      12.    Under Ontario law, as is the case in other Canadian provinces, the primary principle of contract interpretation is that words in an agreement should be given their plain and obvious meaning. In addition, there are other principles of interpretation that can be brought to bear in specific cases. For example, case law requires that ambiguities in contracts be interpreted against the party who proposed or drafted the ambiguous language. This is based on the principle that the party creating the ambiguity should not benefit from any resulting difficulty in interpretation.[1] Although this principle may be applied to any ambiguous contractual term, it has a special application where the terms of the contract were not subject to negotiation, as in a contract of adhesion.[2]

    13.    Under Ontario law, as is the case in other Canadian provinces, case law requires that a contracting party with discretionary power must exercise that power in good faith.[3]

    14.    In Ontario, the leading case on the exercise of contractual discretion, especially with respect to a matter of compensation, is the Ontario Court of Appeal Decision in *Greenberg* v. *Meffert*. The decision in *Greenberg* v. *Meffert* has been followed in numerous other cases throughout Canada. In my view, although every case depends to some extent on its facts, the decisions in that case and the *CivicLife* case (*supra)* supports the following general propositions of law: [4]

    a.    It is not a good faith exercise of a contractual discretion if it is based on a consideration which is extraneous to the contract, e.g. based on an agreement subsequently entered into with another party which precludes an exercise of the discretion in favour of the beneficiary.

---

[1] John D. McCamus, The Law of Contracts, (Toronto, Irwin Law, 2005) pages 722 and 723;
[2] Murray v. Xerox Corp., 2004 CarswellOnt 2234; 45 B.L.R. (3d) 275, paras. 62-64, affirmed by the Ontario Court of Appeal July 26, 2005, 2005 CarswellOnt 3283.
[3] CivicLife.com Inc. v. Canada (Attorney General) (2006), 215 O.A.C. 43, 2006 CarswellOnt 3769 para. 50 (Ontario Court of Appeal))
[4] Greenberg v. Meffert (1985); 50 O.R. (2d) 755, 9 O.A.C. 69, 18 D.L.R. (4th), 1985 CarswellOnt 727.

3

Declaration of William G. Horton in Support of Motion to Alter Judgment and Motion for Relief from Dismissal for *Forum Non-Conveniens*

    b. Once a party to an employment contract has met all of the objective requirements to earn compensation which is stated to be subject to a discretion, the discretion can not be exercised against paying the compensation unless there are reasonable grounds.[5]

    c. The exercise of a contractual discretion by a different individual or group than that named in the contract and who are not in a position to make an informed decision, will not amount to a proper exercise of the discretion.

    d. Where a discretion with respect to compensation has not been properly exercised, the court may make the decision which was subject to the discretion.

15. The authorities referred to in this Declaration are attached hereto and marked Exhibits 1 to 5 respectively, corresponding to the footnotes herein.

16. I am over eighteen years of age and have the capacity to perceive and recollect. If called upon to testify, I am competent to testify to the foregoing matters, which are within my personal knowledge.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on December 12, 2007.

          */s/ William G. Horton*
          William G. Horton

## GENERAL ORDER 45 CERTIFICATION

I, James M. Hanavan, hereby attest pursuant to N.D. Cal. General Order No. 45 that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: December 12, 2007        CRAIGIE, McCARTHY & CLOW

          */s/ James M. Hanavan*
          By: James M. Hanavan
          Attorneys for Plaintiff Trevor Moss

---

[5] See also, Baines v. Computer Associates Canada Ltd. (2000) Ontario Superior Court of Justice, June 5, 2000, 2000 CarswellOnt 2013.

4

Declaration of William G. Horton in Support of Motion to Alter Judgment and Motion for Relief from Dismissal for *Forum Non-Conveniens*

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783