United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR MOSS, | Case No. 07-2732 SC |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON CONVENIENS |
| TIBERON MINERALS LTD., | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on the defendant Tiberon Minerals Ltd.'s ("Defendant" or "Tiberon") Motion to Dismiss for Forum Non Conveniens ("Motion"). See Docket No. 23. The plaintiff Trevor Moss ("Plaintiff" or "Moss") filed an Opposition and Tiberon submitted a Reply. See Docket Nos. 27, 32. For the following reasons, the Court GRANTS Defendant's Motion.

## II. BACKGROUND

Moss, a civil engineer, was hired by Tiberon to provide consulting services in connection with a mining project in Vietnam. Compl., Docket No. 1, ¶¶ 1, 4. At the time, Tiberon was a Canadian corporation with its principal place of business in Toronto, Ontario. Id. ¶ 3. It is not entirely clear where Tiberon is now located. Moss asserts in his Complaint that

United States District Court

For the Northern District of California

1  Tiberon "<u>is</u>, and at all relevant times was, a Canadian

2  corporation, conducting business internationally, with its

3  principal place of business Toronto, Ontario." <u>Id.</u> (emphasis

4  added).  In his Opposition, however, Moss contradicts this and

5  states that Tiberon "has relocated its offices from Ontario to

6  Vietnam . . . ."  Opp'n at 1.  Tiberon itself states that it "has

7  shifted most of its current operations to Viet Nam."  Reply at 6.

8  From these statements the Court infers that Tiberon is now located

9  primarily in Vietnam.  In any event, the precise location of

10  Tiberon's current principal place of business, whether it is

11  Vietnam or Ontario, is tangential to the Court's holding.

12      Moss began working for Tiberon on August 1, 2005, at which

13  point he and Tiberon signed a consulting agreement ("the

14  Agreement").  Compl., Ex. A.  The Agreement contained a Governing

15  Law provision which stated that the "provisions of this Agreement

16  shall be governed by, interpreted, and enforced in accordance with

17  the laws in force in the Province of Ontario." <u>Id.</u>  On August 31,

18  2006, the "consulting relationship ended." <u>Id.</u> ¶ 9; Ex. A.  Moss

19  alleges that after the consulting relationship was terminated he

20  was entitled to certain bonuses pursuant to the Agreement and that

21  Tiberon refused to pay these bonuses. <u>Id.</u> ¶ 13; Ex. A.  Moss then

22  filed suit in this Court under two causes of action: breach of a

23  written agreement and violations of California Labor Code sections

24  200 <u>et seq</u>. <u>See</u> Compl.  Tiberon has moved to dismiss the

25  Complaint for forum non conveniens.

26  ///

27  ///

28                           2

III. **DISCUSSION**

A. **Legal Standard**

"A party moving to dismiss on grounds of forum non conveniens must show two things:  (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 767 (9th Cir. 1991).

The Ninth Circuit has stated that "while a U.S. citizen has no absolute right to sue in a U.S. court, great deference is due plaintiffs because a showing of convenience by a party who has sued in his home forum will usually outweigh the inconvenience the defendant may have shown." Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd., 918 F.2d 1446, 1449 (9th Cir. 1990). Nonetheless, "[a] citizen's forum choice should not be given dispositive weight . . . ." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 n. 23 (1981).  "[I]f the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper."  Id.

B. **Analysis**

1.   **Adequate Alternative Forum**

"At the outset of any forum non conveniens inquiry, the court must determine whether there exists an alternative forum. Ordinarily, this requirement will be satisfied when the defendant is amenable to process in the other jurisdiction." Piper, 454 U.S. at 255 n. 22 (internal quotation marks omitted).

In the present case, Tiberon has agreed to submit to jurisdiction in Canada.  Mot. at 2.  In addition, Tiberon has

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

agreed to waive any statute of limitations in Toronto that would impact the case. Reply at 3. Thus, "the threshold test is satisfied." <u>Lockman Found.</u>, 930 F.2d at 768. "In rare circumstances, however, where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative . . . ." <u>Piper Aircraft</u>, 454 U.S. at 255 n. 22. "Thus, for example, dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute." <u>Id.</u> In the present case, Moss has presented no arguments or evidence to indicate that a remedy offered by the courts in Ontario would be "clearly unsatisfactory." <u>Id.</u> Therefore, the Court finds that Ontario is an adequate alternative forum.

### 2. Balance of Private and Public Interest Factors

If the existence of an adequate alternative forum is demonstrated, courts "must consider the balance of private and public interest factors to determine whether to dismiss on grounds of forum non conveniens." <u>Lockman Found.</u>, 930 U.S. at 769.

### a. Private Interest Factors

"Private interest factors include: ease of access to sources of proof; compulsory process to obtain the attendance of hostile witnesses, and the cost of transporting friendly witnesses; and other problems that interfere with an expeditious trial." <u>Contact Lumber</u>, 918 F.2d at 1451.

The first private interest factor is the location of evidentiary sources. Moss alleges that the necessary records are in Australia, Vietnam, British Columbia or his possession. Opp'n

4

**United States District Court**
For the Northern District of California

1    at 14.   Tiberon states that all of its books and records were

2    transferred from Ontario to British Columbia, Canada, on August

3    23, 2007.[1]   Mot. at 4.   Thus, none of the records other than those

4    in Moss's possession are in California and a significant portion

5    of the records are in Canada.   On the whole, the location of

6    evidentiary sources tips in favor of dismissal.

7         The second private interest factor is the availability of

8    witnesses.   Moss provides a list of thirteen witnesses who are

9    relevant to the matter at hand.   Opp'n at 11-13.   Only two of

10   these witnesses, one of whom is Moss himself, are located in

11   California.   Id.   Six are located in Australia, one in Colorado,

12   three in Vietnam, and one in Canada.   Id.   In addition, although

13   he was not on the list, Moss acknowledges that Mario Caron will be

14   an important witness and that Caron lives in Ontario.[2]   Opp'n at

15   1.   Tiberon argues that at least three other witnesses live in or

16   around Toronto.   Mot. at 4.

17        Although it is true that San Francisco is closer to Australia

18   and Vietnam than Ontario, once a witness is required to fly across

19   the Pacific Ocean, the additional flying time required to reach

20

21        [1]   Tiberon has also submitted a declaration stating that "the
     historical records of Tiberon are in storage in Toronto."
22   Cresswell Decl. ¶ 5.   Thus, although it is unclear whether the
     records are in British Columbia or Ontario, it appears that these
23   records are in Canada.   Moss correctly notes that British Columbia
     is closer to San Francisco than to Ontario.   Given the
24   complications of international travel today, however, it is hard to
     believe that travel between British Columbia and San Francisco is
25   actually more convenient than travel between British Columbia and
     Ontario.
26

27        [2]   Caron is the former Board Chairman and Chief Executive of
     Tiberon.   Opp'n at 1.

28                                   5

United States District Court
For the Northern District of California

Ontario is not so substantial so as to weigh heavily in favor of retaining jurisdiction in San Francisco.  Accordingly, the availability of witnesses also weighs in favor of dismissal.

The final private interest factor is the policy favoring an expeditious trial.  This factor weighs in favor of a Canadian forum.  The contract at the heart of this dispute was formed pursuant to Canadian law.  More importantly, the contract contains a clause requiring that any disputes "shall be governed by, interpreted, and enforced in accordance with the laws in force in the Province of Ontario."  Compl., Ex. A.  Finally, Canadian courts will be able to apply Canadian contract law more efficiently than this Court.[3]  For these reasons, the private interest factors tip in favor of dismissal.

### b.    Public Interest Factors

"Public interest factors encompass court congestion, the local interest in resolving the controversy, and the preference for having a forum apply a law with which it is familiar."  Contact Lumber, 918 F.2d at 1452.

As already noted, the primary issue to be decided in this case, whether Moss met the agreed upon benchmarks and therefore was entitled to a bonus, is governed by Canadian law.  See Compl., Ex. A (stating that the "provisions of this Agreement shall be

---

[3]    In his Complaint Moss also asserts a cause of action under California Labor Code section 200 et seq.  As discussed below, however, the primary issue in the Complaint is whether Moss fulfilled his obligations under the Agreement and was therefore entitled to the bonus.  This issue, according to the choice of law clause in the Agreement, is to be determined pursuant to Canadian, not California, law.

6

United States District Court
For the Northern District of California

1   governed by, interpreted, and enforced in accordance with the laws

2   in force in the Province of Ontario").

3        The first public interest factor to consider is the local

4   interest in resolving the controversy.[4]  California has a strong

5   interest in providing a forum for its citizens to vindicate their

6   rights.  See, e.g., Lockman Found., 930 F.2d at 771 (holding that

7   California had an interest in the lawsuit "because of its interest

8   in seeing its citizens compensated for torts committed against

9   them").  Canada, however, also has a strong interest in resolving

10  the controversy.  At the time the controversy arose, Tiberon was a

11  Canadian corporation.  Compl. ¶ 3.  More importantly, Canadian law

12  will govern the contract dispute and Canadian courts have an

13  interest in resolving Canadian-law claims.  In balancing these

14  competing interests, the Court finds that this factor does not

15  favor either dismissal or retention.

16       The final public interest factor, the preference for having a

17  forum apply a law with which it is familiar, clearly favors

18  dismissal.  Canadian courts are familiar with Canadian law; U.S.

19  courts are not.

20       Moss asserts that because his second claim was brought

21  pursuant to California Labor Code section 200 et seq., there is a

22  strong interest in retaining jurisdiction in California.  Opp'n at

23  17.  The Court disagrees.

24       First, Moss's second cause of action is brought under

25

26       [4]  Court congestion, in the present matter, was not raised by
    either party, is not an issue in the eyes of the Court and
27  therefore is not discussed.

28                                    7

United States District Court

For the Northern District of California

1    California state law, not federal law.  Although a federal court

2    in California would likely be more familiar with California state

3    law than a Canadian court, the fact remains that both a United

4    States federal court and a Canadian court would be required to

5    apply law from another jurisdiction.  Thus, while litigating the

6    California state law claim in federal court might be more

7    efficient than litigating in a Canadian court, the benefits are

8    not overwhelming.

9        Second, the primary claim in Moss's Complaint is that Tiberon

10   improperly withheld a bonus that Moss had earned.  This claim is

11   encapsulated in Moss's first cause of action alleging breach of a

12   written contract.  Under the Agreement, this claim is subject to

13   Canadian law.  Moss's second cause of action, alleging violations

14   of the California Labor Code, hinges on resolution of the first

15   claim.[5]  If it is found that Tiberon is indeed liable to Moss for

16   the unpaid bonus, then Moss may be entitled to recover penalties

17   under the California Labor Code as well.  However, as both parties

18   agreed that Canadian law would govern any contract disputes, then

19   regardless of where the dispute is litigated, the contract dispute

20   must first be resolved according to Canadian law.  Either a United

21   States federal court must apply Canadian law and then California

22   state law, or a Canadian court must apply Canadian law and then

23   California state law.  On the whole, the balance favors a Canadian

24   forum.

25

26       [5]  Section 200 *et* *seq.* of the California Labor Code deals with
     the immediate payment of wages upon discharge or layoff and the
27   resulting penalties for failing to make such payments.

28                                    8

**3. Applicability of U.S. Law**

"Before dismissing a case for forum non covneniens, a district court must first make a choice of law determination." Contact Lumber, 918 F.2d at 1450 (internal quotation marks and citations omitted). The Agreement was clear that Ontario law would apply. See Compl., Ex. A (stating that the "provisions of this Agreement shall be governed by, interpreted, and enforced in accordance with the laws in force in the Province of Ontario"). Given the language of the agreement, it is clear that Canadian law applies.

Even if the choice of law determination were not clear, "the choice of law analysis is only determinative when the case involves a United States statute requiring venue in the United States, such as the Jones Act or the Federal Employers' Liability Act." Lueck v. Sundstrand Corp., 236 F.3d 1137, 1148 (9th Cir. 2001). "The purpose of the choice of law inquiry in a forum non conveniens analysis is to determine if one of these statutes would apply." Id. "Where no such law is implicated, the choice of law determination is given much less deference on a forum non conveniens inquiry." Id.

Although not determinative, the Court nonetheless finds that the choice of law issue weighs in favor of dismissal. The Court otherwise would be required to apply Canadian law, a law with which it is not familiar. See Lueck, 236 F.3d at 1148 n. 6 (stating "[t]he choice of law inquiry would, nevertheless, counsel in favor of dismissing the suit. The district court found it would likely be required to interpret and apply New Zealand law,

9

United States District Court

For the Northern District of California

1  law with which it is unfamiliar. . . . [B]ecause New Zealand law

2  is likely to apply in this suit, the choice of law determination

3  weighs in favor of dismissal.").

4        Finally, other Circuits have held that a mandatory forum-

5  selection clause designating a forum different from that chosen by

6  the plaintiff eliminates the presumption in favor of the

7  plaintiff's choice of forum.[6]  See Online Sys., Inc. v.

8  Koninklijke PTT Nederland N.V., 145 F.3d 505, 511 (2nd Cir. 1998);

9  see also AAR Int'l, Inc. v. Nimelias Enters., 250 F.3d 510, 526

10 (7th Cir. 2001) (stating "that by agreeing to a mandatory forum

11 selection agreement, a party waives objections to venue in the

12 chosen forum on the basis of cost or inconvenience to self").

13       While the clause contained in the Agreement relates to choice

14 of law rather than forum, the Court nonetheless finds the forum-

15 clause reasoning instructive.  The Governing Law provision in the

16 Agreement stated that the "provisions of this Agreement shall be

17 governed by, interpreted, and enforced in accordance with the laws

18 in force in the Province of Ontario."  Compl., Ex. A.  Admittedly,

19 this language leaves open the possibility that the parties could

20 bring their claims in other forums so long as those forums applied

21 the law of Ontario.  The Court finds, however, that Moss's consent

22 to litigate all contract issues according to Canadian law weighs

23 in favor of dismissing the case for forum non conveniens.

24       Finally, Moss argues that "Tiberon has not met its burden of

25 satisfying the California requirements for choice of law."  Opp'n

26 ───────────────────

27       [6]  The Ninth Circuit has apparently not yet addressed this
   issue.

28                                10

United States District Court

For the Northern District of California

at 16.  Assuming, arguendo, that Tiberon even has such a burden,[7]
the Court nonetheless finds that the California requirements are
met.

"A federal court ordinarily applies the choice-of-law rules
of the state in which it sits."  Consul Ltd. v. Solide Enters.
Inc., 802 F.2d 1143, 1146 (9th Cir. 1986).  "Thus the California
action will be governed by California choice-of-law rules . . . ."
Id.  "California will honor the parties' choice of law unless:
(1) the chosen state has no substantial relation to the parties or
the transaction; or (2) the choice results in violation of
California public policy or the evasion of a California statute."
Id. at 1146-47.

Moss argues that Ontario does not have a substantial relation
to the parties or the transaction.  The Court disagrees.  At the
time that Moss and Tiberon entered into the contract at issue,
Tiberon was incorporated in Ontario and had its principal place of
business in Ontario.  The contract was formed pursuant to Ontario
law and, most importantly, Ontario law now governs the
interpretation of the contract.  This is a substantial relation.

Finally, dismissal of the action for forum non conveniens
does not violate any California public policy or statute.
Therefore, assuming that they even apply, the California choice of
law requirements are met, Canadian law applies, and dismissal is

---

[7]  As the above discussion of choice of law indicates, "[t]he
purpose of the choice of law inquiry in a forum non conveniens
analysis is to determine if one of these statutes would apply."
Lueck, 236 F.3d at 1148.  If one of the statutes mandating U.S.
jurisdiction does not apply, the choice of law analysis is not
significant.  Id.

1    appropriate.

2

3    **IV. CONCLUSION**

4         For the reasons discussed herein, Defendant's Motion to

5    Dismiss For Forum Non Conveniens is GRANTED on the condition that

6    Tiberon submit to jurisdiction in Canada and waive any statute of

7    limitations defenses.[8]

8

9

10        IT IS SO ORDERED.

11

12    Dated: November 1, 2007                          *Samuel Conti*

13                                          UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26         [8]  A forum non conveniens motion may be granted conditionally
     in order to avoid unjust results.  See Contact Lumber, 918 F.2d at
27   1450; Leetsch v. Freedman, 260 F.3d 1100, 1104 (9th Cir. 2001).

28                                    12

United States District Court
For the Northern District of California