DAVID J. BROWN (State Bar No. 56628)
MBV LAW LLP
855 Front Street
San Francisco, California 94111
Telephone: 415-781-4400
Facsimile: 415-989-5143

Attorneys for Defendant
TIBERON MINERALS LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TREVOR MOSS,<br><br>        Plaintiff,<br><br>  v.<br><br>TIBERON MINERALS LTD.,<br><br>        Defendant. | CASE NO. C 07 2732 SC<br><br>**MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S RULE 59 AND 60 MOTIONS**<br><br>**Date:** February 8, 2008<br>**Time:** 10:00 a.m.<br>**Dept.:** Courtroom 1, 17th Floor<br>**Judge:** Hon. Samuel Conti |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..... 1

II. KEY COMMENTS AND NOTES ..... 1

III. ARGUMENT ..... 2

    A. Moss's Assertion that the Tiberon Canadian Witnesses' Respective Testimony Is Not Material to Moss's Bonus Claims Fails. ..... 2

    B. The Deposition Argument Is a Red Herring. ..... 4

    C. Moss's "No Conflict of Law" Argument Also Misfires. ..... 4

    D. Ontario Has an Interest In This Controversy. ..... 5

    E. Other Points. ..... 6

IV. TIBERON REPEATS THE EARLIER CONCLUSION IT MADE WITH RESPECT TO ITS *FORUM NON-CONVENIENS* MOTION ..... 8

## I. INTRODUCTION

Trever Moss's ("Moss") Motion to Alter Judgment Pursuant to FRCP 59(e) and Motion for Relief from Judgment Dismissing For *Forum non-Conveniens* Pursuant to FRCP 60(b) should be denied because they do not meaningfully raise anything not addressed before and fail to show appropriate grounds for changing the Judgment in this case.

- Moss Again Mischaracterizes Facts and Documents in Making His Arguments.
- Moss Largely Reargues What He Said Before With No Appropriately Supportive New Materials
- Moss's Merit Arguments on His Underlying Claim Were Not Really Relevant to the *Forum Non Conveniens* Issue Before and That Conclusion Has Not Changed
- Moss's argument on the merits about whether or not Tiberon is entitled to a business judgment rule defense is a matter of substantive Canadian law under the facts of this case because of the Canadian choice of law provision.
- Ignoring the Canadian choice of law provision because there is less contact now than there was when the contracts were formed and performed does not make sense and under these circumstances is not supported by the law.

## II. KEY COMMENTS AND NOTES

Tiberon asks the Court fully to exercise its high degree of care by looking at the actual materials upon which Moss relies when making many of his argumentative statements in his brief and the argumentative rather than factual Declarations submitted in support of his motions. Often, as was the case in his opposition to Tiberon's *Forum Non-Conveniens* Motion, what he says and what his "support" says are not the same. The Declarations of Moss and Hanavan particularly largely consist of legal and factual argument and "interpretation," not raw facts. Furthermore, filed concurrently herewith are Objections to several of the Declarations which further negate the conclusions found in the Declarations.

For the Court's convenience, Tiberon here will refer to the Vietnamese Mining Company as "Nuiphaovica" even though the correct full name at the time of the events relevant here was Nui Phao Mining Joint Venture Company.

Tiberon has chosen not to burden this Court with a repetition of its briefing and factual support presented in its *Forum Non-Conveniens* motion. It relies on those papers here and sees no valid refutation of them. It asks the Court carefully to read and consider them again here. Substantively they support denial of the present motions. Practically, the fact that they are pertinent to the present motions highlights the fact that Moss really is not presenting anything new here. Moss in his Notice of Motion here says he is relying on all the pleadings, papers and records filed in this action and on that basis, so does Tiberon.

### III.    ARGUMENT

#### A.    Moss's Assertion that the Tiberon Canadian Witnesses' Respective Testimony Is Not Material to Moss's Bonus Claims Fails.

Without factual support and contrary to the documents upon which he relies Moss asserts that Tiberon had contracted away its and Nuiphaovica's ability to award Moss a bonus. Moss makes this incredible assertion even though the language of the document upon which Moss relies states, in part, that neither Tiberon nor Nuiphaovica would:

> *. . . take any action other than in the ordinary, regular and usual course of business and consistent with past practice (none of which actions shall be unreasonable or unusual) . . . with respect to the grant of any bonuses . . . payable to . . . officers . . . consultants or agents of* [Tiberon or Nuiphaovica] **otherwise than pursuant to agreements** *. . . or* **agreements in effect** *. . . on the date hereof. . .*[1]
> 
> [Emphasis added]

Since, Moss's agreements with Nuiphaovica and Tiberon were agreements in effect at the time and determination of whether or not Moss would get a bonus and how much it would be constituted acts in the regular and usual course of business, the purchase agreement does not

---

[1] Moss's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Alter Judgment Pursuant to FRCP 59(e) and Motion for Relief From Judgment Dismissing for *Forum Non-Conveniens* Pursuant to FRCP 60(b). at 11:25-12:3.

"contract away" Tiberon's nor Nuiphaovica's ability to award a bonus to Moss, if justified and proper under his contracts with them. Hence, The Compensation Committee's and Board of Director's determination that Moss had not earned a bonus for that portion of 2006 in which he worked is relevant, and testimony as to how and why they reached that conclusion is important.

Moss now seems to argue that what Tiberon did is not important because in his view the bonus determination was to be made by Nuiphaovica not Tiberon. This is a departure from his Complaint which strongly suggests that the alleged improper exercise of discretion was that of Tiberon. He makes a number of references to the bonus provision being created by Tiberon as Nuiphaovica's 70% owner and managing partner, that Tiberon was the party that designated the bonus objectives along with Moss, and that Tiberon was the party who allegedly improperly exercised its discretion in not paying him a bonus. For example the Complaint alleges:

> 12.    Pursuant to Section 2(a) of the Consulting Agreement, drafted by TIBERON as Nui Phao Mining Joint Venture Company Ltd.'s managing partner and 70% owner, Mr. Moss was to receive a bonus based upon his achievement of designated annual objectives, 'mutually agreed upon each year by the parties . . . .
>
> 13.    In accordance with Section 2(a) of the Consulting Agreement, the parties designated annual objectives for the calendar year 2006. . . .
>
> 14.    . . . The covenant of good faith finds particular application in situations where on party is invested with a discretionary power affecting the rights of another.
>
> 15.    As an actual and proximate result of TIBERON's failure to honor its agreement, plaintiff has suffered a severe loss of income, . . . . . [2]

///

---

[2] Complaint at paragraphs 12-15, pages 4 and 5.

The term "parties" as used in these passages clearly mean Tiberon as the party who set the bonus objectives with Moss and allegedly failed properly to exercise its discretion.

However, even if Moss were correct in his newly made assertion that Nuiphaovica rather than Tiberon should have made the bonus determination, and what Tiberon did does not count, whether or not Moss had met his bonus goals and how much of a bonus he should be awarded if he had met those goals logically would derive from those very same witnesses who did make the non-bonus decision at Tiberon at the time, and again their testimony is relevant. Moss argued before and again now that those people were not qualified to judge his performance. His problem is that they were the people under his contracts who were to make the decision.[3]

With the Canadian/Ontario witnesses' respective testimony being important relevant, the Court's reliance on their geographic location in balancing the private and public interest considerations was and remains appropriate.

### B. The Deposition Argument Is a Red Herring.

Here, unlike in the 28 U.S.C. 1404(a) motions under consideration in the cases cited by Moss, as this Court noted, there is an imbalance in lack of convenience for the witnesses with the imbalance working in Tiberon's favor together with other strong factors supporting the granting of Tiberon's motion. That Moss found three district court cases on different facts and on different motions purportedly supporting his view is off the point.

### C. Moss's "No Conflict of Law" Argument Also Misfires.

The public interest factor of having a case with two relevant contracts, both of which have Canadian choice of law provisions, is as strong as this Court concluded in its decision. Moss misses the point in arguing that Canadian law could be determined by this Court and in his view California and Canadian law do not differ very much on the relevant points. He does not really address the choice of law issues in terms of ease of judicial administration. Having Canadian law being determined by a Canadian court is far more judicially efficient than what Moss suggests as the alternative.

---

[3] This would be true for Nuiphaovica as well (if it had a Compensation Committee—which it did not).

4

**MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S RULE 59 AND 60 MOTIONS – Case No. C 07 2732 SC**

1  Furthermore, Moss's conclusion that on the merits, there is no business judgment rule
2  defense, available to Tiberon here begs the question. Even if Moss were correct, which he is not,
3  the case still consists of determining under Canadian law as stipulated in the contracts, whether or
4  not Moss is entitled to the bonus he now claims, and what that bonus would be. Also, Moss's
5  snap conclusion that Tiberon was the wrong party to determine what, if any, bonus should be
6  awarded is not a proven point. Tiberon was the managing partner of Nuiphaovica joint venture
7  and was the entity with a Compensation Committee. The contracts need to be interpreted under
8  Canadian law to determine whether or not Tiberon was the correct party to determine the bonus,
9  if any. Such interpretation again will be more efficiently done by a Canadian court.

### D.  Ontario Has an Interest In This Controversy.

As conceded by Moss, Tiberon was in Canada when the relevant contracts were formed and the choice of law provisions reached.[4] To say that Canada does not have an interest in seeing contracts formed in its jurisdiction with provisions selecting its laws, just because subsequent events have caused the location of the parties to change, is not a point well taken. Ontario has a logical and real relation to the litigation. Moss's use of *Consul Ltd. v. Solide Enters. Inc.,* 802 F.2d 1143 (9 Cir. 1986) does not really help him. In *Consul* the 9th Circuit used the contractually provided California choice of law provisions in two transactions. While it made the general statement referenced in Moss's moving papers, the Court there neither faced, nor decided any choice of law provision remotely close to the facts here. It simply honored the contractual choice of law provisions in ruling on the inappropriateness of a granting of a motion to dismiss on the merits. Furthermore, as noted above, even Moss concedes he did some of his work in Tiberon's Toronto office.

///

---

[4] *See, e.g.,* Complaint at ¶ 3 and Exhibit B to it (first paragraph), Declaration of Plaintiff Trevor A. Moss in Support of Motion to Alter Judgment pursuant to FRCP 59(e) and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens* pursuant to FRCP 60(b) at ¶ 3, Moss's *See* Moss's Declaration in Opposition to Tiberon's *Forum Non-Conveniens* Motion at ¶10 which if taken at face value (which Tiberon does not concede as being the true facts) says he split 2/3 of his time between California and Australia, and the rest in mostly Viet Nam with some in Singapore, Denver and Toronto.

### E. Other Points.

What follows are comments regarding some of Moss's other arguments.

- Moss now makes great play of the alleged financial hardship he will suffer if the case occurs in Ontario. This was raised in the previous documents (Moss Declaration, Oct 5, paragraph 36). It is clearly greatly exaggerated: Moss would not have to be physically present in Ontario to bring and manage his suit there. He would only need to be physically present to attend the trial, presumably a few days at most (if he needs to be somewhere else for the case such as deposition in Australia—he faces the same burden regardless of the case being in San Francisco or Ontario). It seems utterly ridiculous to assert that he would be unable to afford to do that without his business collapsing. He makes no factual showing that he would be required to "abandon his business". On his own evidence, when working for Nuiphaovica he spend significant time abroad in Viet Nam, Australia, Singapore, Toronto and other places. He presents no evidence of his current work or location – presumably with California as a base-- he seems to go where the work takes him. Moss presents no evidence of his alleged hardship by reference either to his income, current work or the cost of litigating in Canada when compared to California. Indeed, he seems to have had no difficulty in obtaining detailed Canadian legal advice for his current motions. As a result, Moss's claim of economic hardship in his conclusion section of his brief is not supported and should be given little consideration without support and when being made by a person who entered into a contract that by his own admission required him to spend significant amounts of time in Viet Nam, Australia, Canada and other foreign places.[5]

- Moss again overly relies upon and asserts that his status of a United States citizen, domiciled in the Northern District of California, requires this Court to deny Tiberon's motion. While the case law may give an edge to a plaintiff in the

---

[5] *Id.*

6

**MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S RULE 59 AND 60 MOTIONS – Case No. C 07 2732 SC**

61001.01\\384681.DOC

plaintiff's forum selection, it is more than clear that the edge can be overcome and has often been overcome. This Court found significant factors resulting with a determination that Canada was the appropriate place for this controversy to take place. Unlike Moss, we see no error in the Courts balancing or determination of the facts behind its balancing.

- As Tiberon noted before:

  o   That Moss Is a Northern District of California Resident Does Not Translate Into A Veto of Dismissal for *Forum Non Conveniens*.

  "'The presence of American plaintiffs, however, is not in and of itself sufficient to bar a district court from dismissing a case on the ground of *forum non conveniens*. [citations omitted]'" *Contact Lumber Company v. P.T. Moges Shipping Company, Ltd.,* 918 F.2d 1446, 1449 (9th Cir. 1990). Here the centers of gravity of this case are in Toronto and Viet Nam. The scale tips more toward Toronto because of the Canadian choice of law provision (discussed in detail in Tiberon's moving papers) in the governing contracts upon which Moss bases his claims.

  o   Moss Agreed That Canadian Law Governed His Relationship with Tiberon and the Joint Venture; He Should Not Be Allowed To Avoid Canadian Law While Trying to Assert Bonus Rights Under Those Same Contracts.

  A public issue factor properly given significant weight in *forum non conveniens* considerations is the strong interest and efficiency in allowing the court in the jurisdiction whose law applies, to be the forum for the case. Here Canadian contract law and business judgment rule application will play am important role in the case. The efficiency in having a Canadian court apply its own law, rather than having this court expending its precious court time learning the Canadian law makes much sense.

  Moss's assertion that Canadian law should no longer apply because of the shift of management operations to Viet Nam is not a valid reason to abandon the parties' agreement to have that law apply to their contracts. There was a

7

**MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S RULE 59 AND 60 MOTIONS – Case No. C 07 2732 SC**

61001.01\\384681.DOC

substantial connection between the contractual relationships and Toronto when the contracts were, as Moss puts it in his Complaint at ¶ 7, "highly negotiated."

- Moss's attorney's claim that it was only recently that he, and impliedly Moss, learned about the Dragon Capital acquisition of Nuiphaovica is incorrect in that Moss on January 25, 2007 wrote Mr. Caron as follows: "I have received your letter of 24th January 2007, I can only surmise that you must be very busy at the moment with the acquisition by Dragon Capital, and do not have sufficient time to properly address the topic of this letter.[6] Furthermore, Moss concedes that he had the facts prior to filing his opposition. He made no effort based on what he now seems to be calling recently discovered evidence to delay the hearing on Tiberon's Motion to Dismiss, to seek focused discovery on the point he now makes (without any real factual support, or do anything else at the time to learn more about what he now claims is an important point.

### IV. TIBERON REPEATS THE EARLIER CONCLUSION IT MADE WITH RESPECT TO ITS *FORUM NON-CONVENIENS* MOTION

"Moss did not achieve his predetermined annual objectives (even though he states he did). He colors his claim for relief on the notion that his failure to reach those objectives stemmed from circumstance beyond his control. His bonus objectives were mutually agreed upon. That he agreed to objectives subject to factors that were beyond his control is not a justification that allows him to claim a bonus.

"In Tiberon's [original] moving papers, it concluded by saying, '[t]he parties freely agreed to apply Canadian law to any disputes arising under their labor contracts. More efficient handling of this dispute will occur if Moss files the case in Canada. More witnesses are there, more

---

[6] Exhibit A, hereto, a self-authenticating letter by content as well as by obvious signature matching with Moss's signatures on Exhibits A and B of the Complaint, from Moss to Mr. Caron.

8

**MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S RULE 59 AND 60 MOTIONS – Case No. C 07 2732 SC**

61001.01\\384681.DOC

documents are there, and importantly, the governing law is there. Whatever deference may be given to a local plaintiff's forum choice is not strong enough to defeat these considerations.  For all these reasons, Tiberon Metal's motion to dismiss on *forum non conveniens* grounds should be granted.'

"Moss's flimsy attempt to denigrate the choice of law provision in the contracts he claims he is enforcing in this suit, and his unsupported and incorrect effort to downplay the importance of the evidence that will come from the Toronto witnesses identified by Tiberon, do not change the conclusion that Toronto is a more logical and practical forum for the case than the Northern District of California."

\*   \*   \*   \*   \*   \*

The alleged facts and arguments now made by Moss are repeats of what he has said before and the conclusion to be reached is the same as before.  His attempt to get a second bite of the apple fails and the Motions should be denied.

DATED: January 11, 2008                               MBV LAW LLP


By____/s/_____
     DAVID J. BROWN
     Attorneys for Defendant
     TIBERON MINERALS LTD.