

1  DAVID J. BROWN (State Bar No. 56628)
   MBV LAW LLP
2  855 Front Street
   San Francisco, California 94111
3  Telephone:  415-781-4400
   Facsimile:  415-989-5143
4
   Attorneys for Defendant
5  TIBERON MINERALS LTD.

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11  TREVOR MOSS,                        CASE NO. C 07 2732 SC

12            Plaintiff,

13       v.                            **OBJECTIONS TO THE
                                       DECLARATION OF JAMES M.
14  TIBERON MINERALS LTD.,             HANAVAN IN SUPPORT OF RULE
                                       59 AND 60 MOTIONS BY PLAINTIFF
15            Defendant.               TREVOR MOSS**

16
                                       **Date:**      February 8, 2008
17                                     **Time:**      10:00 a.m.
                                       **Dept.:**     Courtroom 1, 17th Floor
18                                     **Judge:**     Hon. Samuel Conti

19

20       Defendant Tiberon Minerals Ltd. objects to portions of the James M. Hanavan declaration

21  in support of Moss's Rule 59 and 60 motions on the following grounds.  The materials to which

22  the objections apply should not be considered in ruling on the motions because they do not

23  constitute material and admissible evidence as they are presented to the Court.  Tiberon reserves

24  its rights later to object to statements and documents in and attached to the Moss Declaration if

25  those materials are presented in other aspects of this case.

26       Overall, most of the Hanavan Declaration is objectionable because it is further argument

27  masqueraded as a declaration.  And as is the usual case with Moss's arguments, the conclusions

28  are not really supported by the documents cited, and do not negate the factual matter presented by

                                                                                    1

M B V    L A W    L L P
8 5 5   F R O N T   S T R E E T
S A N   F R A N C I S C O ,   C A   9 4 1 1 1

Tiberon in its *Forum Non-Conveniens* motion.

One example is illustrative of this overused "strawman" problem.  Hanavan concludes that Caron's declaration suggests that he and others are now connected with Tiberon when currently they are not.  He misses the mark.  At the time of Caron's Declaration he was still a part of Tiberon.  Regardless of whether he now is or is not CEO, which he is not, he still knows the facts relevant to this controversy and hence is an important witness.  So are the other Canadian witnesses for similar reasons.  The fact they sold their interests in Tiberon and a some point in time, after determining that Moss was not entitled to a bonus, left Tiberon, does not change their value as witnesses of events that occurred while at Tiberon.

A second example is Hanavan's argument in his Declaration that Caron and others sold their interests in the Company prior to making a decision about Moss's bonus.  That sale of interests did not deprive them of the powers and duties to act for the Company while they still remained with it.  Furthermore, it does not refute the declaration testimony of Mr. Crosswell offered in Tiberon's *Forum Non-Conveniens* Motion as to when and who acted in considering Moss's bonus.

| Passage | Objection |
|---|---|
| ¶¶ 2, 3 4, 5.  Entire paragraphs | FRE, Rule 402 – Lacks relevance to a motion to dismiss for *forum non conveniens*. |
| | FRE, Rule 701 – Lacks foundation with respect to the conclusions stated. |
| ¶¶ 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18.  Entire paragraphs | Improper argument in a Declaration. |
| | FRE, Rule 402 – Lacks relevance to a motion to dismiss for *forum non conveniens*. |

DATED:  January 11, 2008          MBV LAW LLP


By____/s/_____
   DAVID J. BROWN
   Attorneys for Defendant
   TIBERON MINERALS LTD.