James M. Hanavan, State Bar No. 66097
Kristen E. Drake, State Bar No. 202827
CRAIGIE, McCARTHY & CLOW
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 732-7788
Facsimile: (415) 732-7783

Attorneys for Plaintiff Trevor Moss

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TREVOR MOSS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TIBERON MINERALS LTD.,<br><br>　　　　Defendant. | Case No.: C 07-2732- SC<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER JUDGMENT PURSUANT TO FRCP 59(e) AND MOTION FOR RELIEF FROM JUDGMENT DISMISSING FOR *FORUM NON- CONVENIENS* PURSUANT TO FRCP 60(b)**<br><br>Hearing Date:　February 22, 2008<br>Time:　　　　　10:00 a.m.<br>Location:　　　Courtroom 1, 17th Floor<br>Judge:　　　　Hon. Samuel Conti |

///

///

///

///

///

///

///

Reply Brief in Support of Plaintiff's Motion to
Alter Judgment and Motion for Relief from
Judgment Dismissing for *Forum Non-Conveniens*

I.

# INTRODUCTION

Tiberon argues that plaintiff Moss has not presented relevant facts to support a different result from this Court's prior decision to dismiss his case. Tiberon contends that the legal and factual analysis presented in support of the Moss motions mischaracterize the evidence, is irrelevant to the result or a rehash of arguments previously made and that whether Tiberon is entitled to a "business judgment" defense must be determined under Ontario law because of the "choice of law" provision in the Consulting Agreement between Nui Phao Mining Joint Venture Company Ltd. ("Nuiphaovica") and Mr. Moss. The evidence, however, does not support Tiberon's arguments, and, while the need to apply foreign law is not a significant factor "when no complex issues of foreign law" are involved, it is also unclear that a California court would apply Ontario law to interpret a Consulting Agreement between a United States citizen residing in the Northern District and a Vietnamese mining company.

II.

# ARGUMENT

It is apparent that Tiberon's dismissal motion was entirely based upon two contentions, neither of which is supported by either the facts or the Ninth Circuit and California controlling authorities applicable to those facts. The first contention is set forth by Tiberon in the first two sentences of the "Argument" section of its dismissal motion, which falsely assert that: "Plaintiff Moss *is suing under two employment agreements he entered into with Tiberon Metals related to consulting work* he provided on a Tiberon Metals mining project [and] both contain an explicit Canadian choice-of-law provision." [Brief at 3:5-8.] In fact, however, as a cursory review of the two agreements attached to the Moss complaint make apparent, the *only* employment agreement is the Consulting Agreement between Moss and *Nuiphaovica*, a Vietnamese mining company, an employment agreement to which *Tiberon is not a party*.

Moss's Consulting Agreement with Nuiphaovica, attached to his complaint as Exhibit "A", clearly states that it is between "Nui Phao Mining Joint Venture Company Ltd.

1

Reply Brief in Support of Plaintiff's Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

1 ('Nuiphaovica' or the 'Company')" and "Trevor Moss…(hereinafter called 'Moss' or the
2 'Consultant')". [Request for Judicial Notice ("RJN"), Ex. "C", Ex. "A" thereto.] The Moss/
3 Nuiphaovica Consulting Agreement thereafter states that "…the Company, a Vietnamese
4 corporation, has agreed to employ Moss…" and that "Moss shall participate in the formal bonus
5 plan adopted by the Company" with said bonus to be "based on predetermined annual objectives
6 mutually agreed upon each year by the parties…" [RJN, Ex. "C", Ex. "A" thereto at page 1,
7 recitals and paragraph 2(b) under "Remuneration."]

8 The dispute, which is the subject of this litigation, is *Nuiphaovica's* failure to pay Moss
9 his earned bonus in accordance with the terms of the Moss/ Nuiphaovica Consulting Agreement,
10 a payment obligation which was guaranteed by Tiberon. The Consulting Agreement is signed by
11 Moss and Nuiphaovica's Board Chairman, Mario Caron. The guarantee, drafted by Moss's
12 California attorney, was required by Moss as additional protection in the event that Nuiphaovica
13 failed to pay Moss. The guarantee is signed by Moss and Tiberon's Chief Executive Officer,
14 Mario Caron. [RJN, Ex. "C", Ex. "B" thereto; Moss Decl. in Support of Motions at ¶ 11.]

15 Nuiphaovica is the owner and developer of a mining project some 60 miles from Hanoi,
16 Vietnam. Moss, a consulting engineer, was hired *by Nuiphaovica* to, among other services, work
17 with the project contractor in Australia and the project lenders in Singapore to advance the project
18 through the development stage. He negotiated agreements on Nuiphaovica's behalf with the
19 Australian contractor, as well as with mining project development experts in Denver, San
20 Francisco and elsewhere to satisfy the criteria specified by the lenders as a precondition to
21 funding Nuiphaovica's mining project. All of the foregoing facts are in evidence and
22 uncontroverted, as is the fact that Moss performed his services for Nuiphaovica primarily in
23 California, Australia, Singapore and Vietnam, the jurisdictions where the vast majority of
24 percipient witnesses to his performance are located. [Moss Decl. in Support of Motions at ¶ 2-3,
25 14.]

26 After falsely asserting that the two agreements signed by Moss, one executed by
27 Nuiphaovica and the other by Tiberon, are "two employment agreements he entered into with
28

2

Reply Brief in Support of Plaintiff's Motion to
Alter Judgment and Motion for Relief from
Judgment Dismissing for *Forum Non-Conveniens*

Tiberon," Tiberon cites *Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal.4th 459, 466, for the entirely accurate proposition that parties' choice of law provisions will be enforced in California if "the chosen state has a substantial relationship to the parties or their transaction..." In this case, however, there is no connection at all between the only parties to the Consulting Agreement, Moss and Nuiphaovica, and the Province of Ontario, while the guarantee drafted in California by Moss's lawyer presents no interpretation issues.

Moss satisfied the Moss/ Nuiphaovica objectives entitling him to his Moss/ Nuiphaovica Consulting Agreement bonus and, accordingly, requested payment from Nuiphaovica pursuant to the notice provision of that Agreement. The Moss payment request, which was attached to Moss's original opposition declaration, is attached to this brief as Exhibit "A". Nuiphaovica's Chairman, Mario Caron, rejected that request, and Caron's rejection, which was also attached to Moss's original declaration, is attached to this brief as Exhibit "B". In his rejection letter to Moss, Chairman Caron concludes by stating that "[t]he granting of a bonus is at the discretion of the Board of Directors of the Company and in the circumstances their determination is final." While Chairman Caron's statement accurately reflects the terms of the Moss/ Nuiphaovica Consulting Agreement, Tiberon's evidence has conclusively established that no discretionary evaluation by Nuiphaovica's board ever took place. [Creswell Decl. at ¶¶ 2-5.]

In an attempt to support its second contention, that the former directors of Tiberon residing in Ontario are material witnesses establishing a "business judgment" defense, Tiberon has proven that no such defense is available because Nuiphaovica's board never exercised any discretion on the question of awarding Moss his bonus. The evidence submitted by Tiberon, consistent with some of the statements made by Caron in his letters to Moss (which are also in evidence), establishes beyond any doubt that Nuiphaovica, "the Company," played no part in the decision to deny Moss the bonus he had earned as a participant "in the formal bonus plan adopted by the Company." Moreover, uncontroverted evidence before this Court establishes that the witnesses Tiberon claims are material witnesses, all former officers and directors of Tiberon residing in Ontario, had sold all of their interests in Tiberon to Dragon Capital, and had turned

3

Reply Brief in Support of Plaintiff's Motion to
Alter Judgment and Motion for Relief from
Judgment Dismissing for *Forum Non-Conveniens*

1  control of Tiberon and Nuiphaovica over to that Vietnamese entity before Moss had sent his
2  bonus request letter. [Creswell Decl. at ¶¶ 2-5; Hanavan Decl. in Support of Motions at ¶¶ 7-19,
3  exhibits attached thereto; Moss Decl. in Support of Motions at ¶¶ 6-9.]

4        The evidence shows that, before Moss had sent his letter of December 19, 2006 to
5  Nuiphaovica, Tiberon's former board members, for themselves and on behalf of Nuiphaovica,
6  had agreed that neither Tiberon nor Nuiphaovica would "…take any action other than in the
7  ordinary, regular and usual course of business and consistent with past practice (none of which
8  actions shall be unreasonable or unusual) … with respect to the grant of any bonuses… payable to
9  … officers … consultants or agents of [Tiberon or Nuiphaovica] otherwise than pursuant to
10 agreements … or arrangements in effect … on the date hereof …" [Pre-acquisition Agreement of
11 December 18, 2006, Hanavan Decl. at ¶ 7, exhibit thereto.] Moss's Consulting Agreement with
12 Nuiphaovica was terminated effective August 31, 2006, so that agreement was obviously *not* "in
13 effect … on the date hereof [December 18, 2006] …," nor could a six figure payment to a former
14 Tiberon officer many months following the termination of his employment possibly be
15 considered a payment "in the ordinary, regular and usual course of business and consistent with
16 past practice."

17       Tiberon's evidence shows that John Shrimpton, a resident of Hanoi and the founder of
18 Dragon Capital, was involved in the sham bonus evaluation "process," and evidence from other
19 sources establishes that he is now a Tiberon director. In "examin[ing] the materiality and
20 importance of the anticipated witnesses'" testimony, as required by the Ninth Circuit's decision in
21 *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1335-36 (9th Cir.1984)*,* this Court must recognize
22 that Tiberon has no "business judgment" defense under Ontario or California law. Accordingly,
23 Tiberon has failed to meet its burden of showing *any* of its proposed Ontario witnesses, other than
24 Mario Caron, has material testimony as to Moss's performance of the Moss/ Nuiphaovica
25 Consulting Agreement objectives.

26       Moss's original declaration remains unrebutted: none of the former Tiberon directors,
27 other than Mario Caron, is qualified to testify as to Moss's performance of the Moss/
28

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

4

Reply Brief in Support of Plaintiff's Motion to
Alter Judgment and Motion for Relief from
Judgment Dismissing for *Forum Non-Conveniens*

1  Nuiphaovica Consulting Agreement objectives.  Accordingly, the evidence before this Court
2  shows that one percipient witness, Mario Caron, resides in Ontario, two such witnesses reside in
3  California's Northern District, and all of the remaining percipient witnesses reside in Denver,
4  Australia, Vietnam, Singapore and British Columbia.  [Moss Opposition Decl. at ¶ 34.]  No
5  evidence has been presented suggesting that producing documentary or physical evidence in
6  California's Northern District would be particularly burdensome to Tiberon, or that presenting
7  testimonial, documentary and/or physical evidence here would be any more burdensome to
8  Tiberon than presenting that same evidence in Ontario.
9        The evidence shows that Tiberon was incorporated in the Province of Alberta, that most of
10  its directors live in Vietnam, that none of its directors live in Ontario, that its principal place of
11  business is in Vietnam, and that it has no office in Ontario.  The evidence shows that, regardless
12  of whether California or Ontario law is applied, Tiberon has no "business judgment" defense, so
13  trial of the case will necessarily require that testimonial and documentary evidence be presented
14  so the trier of fact can evaluate Moss's performance of the Moss/ Nuiphaovica Consulting
15  Agreement objectives.  The former Tiberon directors, other than Mario Caron, are not competent
16  to assist in that inquiry and all the other witnesses to Moss's performance are in the Northern
17  District of California or other jurisdictions outside the Province of Ontario.  [Hanavan Decl. in
18  Support of Motions at ¶¶ 7-19, exhibits attached thereto; Moss Decl. in Support of Motions at ¶¶
19  6-9.]
20        Addressing the burden imposed on the party seeking dismissal, the Ninth Circuit in *Cheng*
21  *v. Boeing Co.,* 708 F.2d 1406, 1410 (9th Cir. 1983), held that "the standard to be applied is
22  whether ... [the moving party has] made a *clear showing of facts which ... establish such*
23  *oppression and vexation of [the moving party] as to be out of proportion to plaintiff's*
24  *convenience, which may be shown to be slight or nonexistent....*"  Tiberon has made no showing
25  of "oppression and vexation," clear or otherwise, nor has it offered any evidence suggesting that
26  plaintiff Moss's inconvenience would be "slight or nonexistent."  Indeed, plaintiff Moss has
27  presented evidence showing that his inconvenience from a dismissal would be substantial.
28

5

Reply Brief in Support of Plaintiff's Motion to
Alter Judgment and Motion for Relief from
Judgment Dismissing for *Forum Non-Conveniens*

1   In his original declaration, plaintiff Moss states that "[i]t would be extremely costly and
2   detrimental to my business should I be required to pursue my claim in Ontario." Plaintiff Moss
3   notes that he has "no employees or assistants to assume responsibility" for his workload in the
4   event he is required to pursue his case in Ontario, and that "[t]he cost of pursuing this case in
5   Ontario would a substantial financial hardship, which [he can] ill afford." [Moss Opposition
6   Decl. at ¶ 36.] The Moss/ Nuiphaovica Consulting Agreement required that Mr. Moss perform
7   engineering services exclusively for Nuiphaovica, so he has been faced with the need to rebuild
8   his consulting practice since the Moss/ Nuiphaovica Consulting Agreement ended. [RJN, Ex.
9   "C", Ex. "A" thereto, page 1, paragraph 1 under "Engagement."]

10   In its opposition, Tiberon argues that the Moss bonus decision "would derive from those
11   very same witnesses" it contends support its "business judgment" defense, although the
12   uncontroverted evidence proves otherwise. In fact, the evidence shows that different people make
13   up the boards of Nuiphaovica and Tiberon. While Mario Caron served on both boards, the other
14   members of the two boards consisted of two entirely different groups of individuals. [Moss Decl.
15   in Support of Motions at ¶ 5; Hanavan Decl. in Support of Motions at ¶ 12, Exs. "D" through "M"
16   thereto.] Further, while the board members of the Vietnamese corporation had some percipient
17   knowledge of Moss's performance of the Moss/ Nuiphaovica Consulting Agreement objectives,
18   such was not true of the Tiberon board members. [Moss Opposition Decl. at ¶¶ 14, 36.]

19   Interpreting the terms of the Moss/ Nuiphaovica Consulting Agreement presents a
20   question of law, not a question of fact. The Moss/ Nuiphaovica Consulting Agreement, which
21   was presented to Moss by Mario Caron, clearly states that it is between Mr. Moss and "Nui Phao
22   Mining Joint Venture Company Ltd. ('Nuiphaovica' or the 'Company')." Nuiphaovica's Board
23   Chairman, Mario Caron, responsible for the language used in the Moss/ Nuiphaovica Consulting
24   Agreement, states that "[t]he granting of a bonus is at the discretion of the Board of Directors of
25   the Company." While the terms of the Moss/ Nuiphaovica Consulting Agreement are not
26   ambiguous, any ambiguity would be interpreted against the party responsible for the ambiguity
27   under either California or Ontario law. [Horton Decl. in Support of Motions at ¶ 12.]
28

6

Reply Brief in Support of Plaintiff's Motion to
Alter Judgment and Motion for Relief from
Judgment Dismissing for *Forum Non-Conveniens*

In its opposition, Tiberon argues that the two "centers of gravity" of this Consulting Agreement between a United States citizen residing in the Northern District and a Vietnamese mining company are Vietnam and Toronto. In fact, the "centers of gravity" are California, where plaintiff's consulting business is located, the bonus was to be paid and a substantial portion of the work was performed, and the Pacific Rim countries of Australia, Singapore and Vietnam, where plaintiff's employer is located, the project is located and the remaining work to achieve the objectives was performed. The location of a single material witness in Ontario, Mario Caron, does not make Toronto a "center of gravity."

## III.

## CONCLUSION

The Ninth Circuit recognizes that "*forum non conveniens* is an exceptional tool to be employed sparingly." *Ravelo Monegro v. Rosa,* 211 F.3d 509, 514 (9th Cir. 2000). Tiberon has not only failed to make "a clear showing of facts which ... establish such oppression and vexation of" Tiberon "as to be out of proportion to" plaintiff Moss's "convenience, which may be shown to be slight or nonexistent," but has conclusively established that the only justification given for the alleged materiality of its former directors' testimony is nonexistent. The evidence shows that the inconvenience of a dismissal to plaintiff Moss, far from being "slight or nonexistent," is substantial and material.

As the Ninth Circuit recently recognized, a trial court's decision must be reversed if that trial court "[c]ontrary to established Supreme Court authority …failed to give any deference to [plaintiff's] United States citizenship and choice of home forum." *Ito v. Tokio Marine & Fire Ins. Co., Ltd.* 166 Fed.Appx. 932, 934-935, 2006 WL 204412, 1 (9th Cir.2006). Further, even if this Court concludes California law directs that Ontario law is to be applied to interpret this Consulting Agreement between a United States citizen residing in the Northern District and a Vietnamese mining company relating to a Vietnamese mining project, the applicable law of California and Ontario is not in conflict, and, in any case, this Court "must guard against an excessive reluctance to undertake the task of deciding foreign law, a chore federal courts must

7

Reply Brief in Support of Plaintiff's Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*

1  often perform." *Manu Int'l, S.A. v. Avon Products, Inc.,* 641 F.2d 62, 67-68 (2d Cir.1981).

2  Tiberon has failed to meet its burden and plaintiff Moss's motions should be granted.

5  Dated: January 25, 2008                    CRAIGIE, McCARTHY & CLOW

8                                       _____*/s/ James M. Hanavan*_____
                                        By: James M. Hanavan
9                                       Attorneys for Plaintiff Trevor Moss

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

8

Reply Brief in Support of Plaintiff's Motion to Alter Judgment and Motion for Relief from Judgment Dismissing for *Forum Non-Conveniens*