UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TREVOR MOSS, | ) | Case No. 07-2732 SC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| v. | ) | PLAINTIFF'S MOTION TO |
| | ) | ALTER JUDGMENT |
| TIBERON MINERALS LTD., | ) | PURSUANT TO FRCP |
| | ) | 59(e) AND MOTION FOR |
| Defendant. | ) | RELIEF FROM JUDGMENT |
| | ) | DISMISSING FOR FORUM |
| | ) | NON CONVENIENS |
| | ) | PURSUANT TO FRCP |
| | ) | 60(b) |

## I. INTRODUCTION

This matter comes before the Court on the motions by plaintiff Trevor Moss ("Plaintiff" or "Moss") to Alter Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and for Relief from Judgment Dismissing for Forum Non Conveniens Pursuant to Federal Rule of Civil Procedure 60(b) (collectively "Motion"). See Docket No. 44. The defendant Tiberon Minerals Ltd. ("Defendant" or "Tiberon") filed an Opposition and Moss submitted a Reply. See Docket Nos. 53, 59. For the following reasons, the Court DENIES Moss's Motion.

## II. BACKGROUND

The facts of this case are detailed in the Court's November 1, 2007, Order Granting Defendant's Motion to Dismiss for Forum

1  Non Conveniens ("November Order").  See Docket No. 40.  The

2  parties' familiarity with the facts is therefore assumed.

## III. DISCUSSION

### A. Legal Standard

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).

> There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; 4) there is an intervening change in controlling law.

Id. (internal quotation marks omitted).  In the present case, Moss asserts that the Court's Order is based on manifest errors of law and fact.  A manifest error is an "error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record."  BLACK'S LAW DICTIONARY 582 (8th ed. 2004).[1]

Rule 60(b) provides that "a court may relieve a party . . .

---

[1] Moss attempts to minimize the burden for demonstrating a manifest error by stating a "party need only show 'a manifest error of law or fact.'"  Mot. at 5 (emphasis added).  Thus, according to Moss, he "need only" show that the Court completely disregarded controlling law or credible evidence in the record.  Although such semantics are often the first tools to which a lawyer resorts, they have no place in situations such as this.  Any suggestion that a party "need only" show a manifest error is nonsensical.

2

from a final judgment . . . for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason." Fed. R. Civ. P. 60(b).

### B. Analysis

The Court will not repeat its reasons for granting dismissal for forum non conveniens. The previous Order more than sufficiently addressed most of the concerns Moss now raises. Nonetheless, several of Moss's claims deserve attention.

To begin, Moss's allegation that the Court applied a choice of forum standard when the parties had actually agreed to a choice of law provision is simply false. The Court encourages Moss to reread the November Order. In that Order, the Court specifically held that the "Clause contained in the Agreement relates to choice of law rather than forum . . . ." Order at 10. The Court also held that it "nonetheless finds the forum-clause reasoning instructive." Id. Finding certain reasoning instructive is a far cry from applying that standard. Moreover, any suggestion that the Court improperly applied a forum-selection standard rather than a choice of law standard is refuted by the fact that the first half of the section dealing with choice of law cites Ninth Circuit precedent treating choice of law, rather than choice of forum. See Order at 9.

Moss asserts that the Court made several incorrect factual statements in its Order. In particular, Moss states:

> In its written opinion, this Court incorrectly states that "Moss began working for Tiberon on August 1, 2005, at which point he and Tiberon signed a consulting agreement ('the Agreement')"

3

1           and that "Moss alleges that after the
2           consulting relationship was terminated he
            was entitled to certain bonuses pursuant
3           to the Agreement and that Tiberon refused
            to pay these bonuses."  Court's Order at
4           2:12-14, 18-21 . . . .  Plaintiff Moss is
            <u>not</u> suing for breach of consulting
5           agreement with defendant Tiberon.  The
            consulting agreement which was breached
6           is between plaintiff Moss and
            Nuiphaovica, a Vietnamese mining company.
7           Plaintiff Moss . . . was hired by
            Nuiphaovica to provide consulting
            services . . . .
8
9  Mot. at 1 (emphasis in original).

10      Moss's contention that the Court incorrectly stated the facts

11 is remarkable in light of the facts alleged in Moss's own

12 Complaint.  Moss takes the Court to task for suggesting that "he

13 and Tiberon signed a consulting agreement" and that "Tiberon

14 refused to pay these bonuses."  Mot. at 1.  Moss himself, however,

15 makes the following allegations in his Complaint:

16      -- "At the time he was approached by TIBERON to perform

17 consulting services in connection with a mining project in

18 Vietnam, plaintiff's consulting business was located in San Ramon,

19 California."  Compl., Docket No. 1, ¶ 4 (capitalization in

20 original).

21      -- "Prior to accepting the consulting position offered by

22 TIBERON, Mr. Moss held positions with . . . ."  <u>Id.</u> ¶ 6

23 (capitalization in original).

24      -- "Mr. Moss was solicited by TIBERON to provide consulting

25 engineering services in the spring and summer of 2005."  <u>Id.</u> ¶ 7

26 (capitalization in original).

27      -- "In August of 2005, after lengthy negotiations, TIBERON

28                                  4

**United States District Court**
For the Northern District of California

1  appointed Mr. Moss to the position of vice president, operations,
2  although he continued to reside and provide his consulting
3  services from his California office." Id. (capitalization in
4  original).
5      -- "Mr. Moss was responsible for consulting services in the
6  development of TIBERON's . . . property . . . ." Id. ¶ 8
7  (capitalization in original).
8      -- "TIBERON failed and refused to make such bonus payment or
9  any part thereof . . . ." Id. ¶ 11 (capitalization in original).
10     -- "As an actual and proximate result of TIBERON's failure to
11 honor its agreement . . . ." Id. ¶ 15 (capitalization in
12 original).
13     -- "Plaintiff is presently owed his bonus by TIBERON as a
14 result of the Consulting Agreement and Guarantee." Id. ¶ 17
15 (capitalization in original).
16     -- "TIBERON's failure to pay the full amount due to plaintiff
17 upon his termination . . . ." Id. ¶ 18 (capitalization in
18 original).
19     At the risk of stating the obvious, the Court reminds Moss
20 that he filed a Complaint naming Tiberon as the sole defendant and
21 that this Complaint stated a cause of action for breach of written
22 contract. When Moss states in his Complaint that "TIBERON failed
23 and refused to make such bonus payment or any part thereof 'on the
24 date that the Agreement [was] terminated' as agreed," the Court
25 can only conclude that Moss's action is based on the underlying
26 consulting agreement and the guarantee. Compl. ¶ 11 (alteration
27 and capitalization in original). Moreover, Moss concedes that the
28

5

relevant portion of the Agreement was in fact "drafted by TIBERON." Id. ¶ 12.

In light of the excerpts from the Complaint, Moss's argument that the Court's November Order was somehow factually deficient appears to be nothing more than a transparently anemic attempt to undermine, through any means necessary, an adverse ruling.

Moss also attempts to argue that the "factual underpinnings" of the Court's Order are "legally insufficient." Mot. at 3. Although unclear to the Court what exactly this means, Moss seems to argue that the Court did not accord sufficient weight to Moss's U.S. citizenship in granting the forum non conveniens dismissal. This contention, however, is contradicted by the second sentence in the Court's November Order, which outlines the deference a plaintiff's choice of forum is entitled. See November Order at 3. The Court was fully aware of Moss's U.S. citizenship and the resulting deference to which Moss's choice of a home forum was entitled. Nonetheless, after reviewing all of the public and private factors and the existence of an adequate alternative forum, see Lockman Found v. Evangelical Alliance Mission, 930 F.2d 764, 767 (9th Cir. 1991) (stating standard for forum non conveniens dismissal), the Court was, and remains, convinced that dismissal for forum non conveniens was appropriate.

The Court notes that in arguing that sufficient weight was not given to Moss's U.S. citizenship, Moss cites, twice, to a legal standard from Ito v. Tokio Marine and Fire Insurance Co., Ltd., 166 Fed. Appx. 932, 2006 WL 204412, *1 (9th Cir. 2002). See Mot. at 8, 9. As Ito is an unpublished opinion, citation to it

6

for legal precedent is not only a violation of Civil Local Rule 3-4(e), but is also a violation of Ninth Circuit Rule 36-3(c) and is sanctionable.  See Sorchini v. City of Covina, 250 F.3d 706, 709 (9th Cir. 2001) (per curium) (recognizing that violations of Rule 36-3 are sanctionable).[2]

Moss also argues that the Court improperly relied on the number of witnesses in Ontario rather than their materiality. This argument is plainly refuted by the Court's November Order. In that Order, the Court, relying on Moss's own Complaint, found that a necessary witness, Mr. Caron, lived in Ontario.  November Order at 5; see also Pl.'s Opp'n, Docket No. 27, at 1 (stating the "only percipient witness located in Ontario is Mario Caron"). Although the Court also acknowledged that "Tiberon argues that at least three other witnesses live in or around Toronto," November Order at 5, the Court made no finding about whether these witnesses were material and thus the Court did not factor these witnesses into its final analysis of balancing the relevant public and private factors.

Through tortured analysis, Moss demands that the Court rule on the merits of a possible defense, the business judgment rule, that Tiberon may assert, and thereby find that all of the witnesses in Ontario are not material.  In addition, Moss directs the Court to do this under both California and Ontario law and yet provides no helpful guidance.  The Court declines such an invitation.

---

[2] The Court declines to impose any sanctions.

7

Moss further states that "the question of whether the choice of Ontario law provision in the consulting agreement should be enforced was not adequately addressed, perhaps because this court mistakenly believed that the consulting agreement was between plaintiff and Tiberon rather than between plaintiff and Nuiphaovica." Mot. at 19. As noted above, Moss has sued Tiberon, not Nuiphaovica. Tiberon, according to Moss himself, "is, and at all relevant times was, a Canadian corporation . . . with a principal place of business in Toronto, Ontario." Compl. ¶ 3. Even assuming that the only agreement at issue is between Moss and Nuiphaovica, which is an assumption that Moss has plainly contradicted in his Complaint, that agreement also contains an Ontario choice of law provision. For the reasons stated in the Court's November Order, the Court finds not only that Ontario law governs this action but also that Canada is the proper forum. Moss's remaining arguments in favor of relief from the judgment are either meritless or squarely addressed by the Court's previous Order Granting Dismissal for Forum Non Conveniens.

Moss has not demonstrated that the previous Order contained manifest errors of law or fact and his Rule 59(e) Motion is DENIED. Moss has also failed to persuade the Court that relief pursuant to Rule 60(b) for mistake, inadvertence, surprise, excusable neglect, or any other reason is warranted. Moss's Rule 60(b) Motion is therefore also DENIED.

///

///

///

**IV. CONCLUSION**

For the reasons discussed herein, Moss's Motion to Alter Judgment Pursuant to FRCP 59(e) and Motion for Relief from Judgment Dismissing for Forum Non Conveniens Pursuant to FRCP 60(b) are DENIED.


IT IS SO ORDERED.

Dated: March 11, 2008

UNITED STATES DISTRICT JUDGE

9